FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2014 DEC 19 PM 2: 51

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

| | |
|---|---|
| **JERRY HARVEY AUDIO HOLDING, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **1964 EARS, LLC,** <br><br> Defendant. | 6:14-cv-2083-Or-1-81CPS <br><br> Case No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT
AND DEMAND FOR JURY TRIAL
<u>INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff JERRY HARVEY AUDIO HOLDING, LLC ("JH Audio"), complains, upon knowledge as to self and upon information and belief as to others, against Defendant 1964 EARS, LLC ("1964 Ears"), as follows:

**NATURE OF THE SUIT**

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**PARTIES**

2. Plaintiff JH Audio is a Florida limited liability company with its principal place of business at 2515 East Semoran Blvd., Apopka, FL 32703.

3. Defendant 1964 Ears is an Oregon limited liability company with its principal place of business at 7025 N Lombard St., Ste 100, Portland, OR 97203.

- 1 -

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

5. Personal jurisdiction over Defendant is proper in this Court because Defendant does business in this State, has significant contacts with this State, has made, used, sold, or offered to sell infringing products in this State, has purposefully shipped or caused to be shipped infringing products into this State, or has committed acts in this State that are the subject of the counts set forth herein.

6. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,897,463)

7. JH Audio owns United States Patent No. 8,897,463, entitled "Dual High Frequency Driver Canalphone System," which issued on November 25, 2014 (the "'463 patent"). A copy of the '463 patent is attached hereto as Exhibit A.

8. As described in the '463 patent:

> There are many different types of personal listening devices such as headphones, earbuds, canalphones, and/or the like. Headphones are personal listening devices that are held in close proximately to the ear by some support system. Earbuds are small personal listening devices that are positioned directly in front of the ear canal and are substantially smaller than a person's outer ear. Similarly, canalphones are personal listening devices that are substantially smaller than a person's outer ear, but they differ from earbuds in that they are placed directly in one end of the ear canal. Both earbuds and canalphones are held in positioned by

> friction between the ear and the device rather than the support system found in most headphones.
>
> Canalphones are also referred to as in-ear monitors due to how the canalphone is worn by a listener. Some canalphones also serve as earplugs due to the way the canalphone limits noise external to the canalphone from entering the ear canal.

'463 patent, col. 1, lns. 10-26.

9. Claim 1 of the '463 patent claims a canalphone with:

    (a)    a canalphone housing;

    (b)    a first low frequency driver carried within the canalphone housing;

    (c)    a first midrange frequency driver carried within the canalphone housing;

    (d)    a second low frequency driver carried within the canalphone housing;

    (e)    a second midrange frequency driver carried within the canalphone housing;

    (f)    a first high frequency driver carried within the canalphone housing; and

    (g)    (part 1) a second high frequency driver carried within the canalphone housing,

    (part 2) the first high frequency driver and the second high frequency driver each produce similar frequencies,

    (part 3) the first high frequency driver and second high frequency driver are positioned where the oscillation of one interacts with the oscillation of the other to reduce harmonic distortion,

    (part 4) and the first high frequency driver and the second high frequency

driver produce distinguishable frequencies to a person using the system comprising 12,000 hertz to 18,000 hertz.

10.     Defendant has and continues to make, use, offer to sell, or sell canalphones in this State and District and elsewhere in the United States. Defendant's canalphone products include the V8, the V6-Stage, and the V6 models.

11.     Defendant maintains a publicly available website at www.1964ears.com through which it offers for sale various products to the public, including residents of this State and District. The products offered for sale through Defendant's website include the V8, V6-Stage and V6 products. See www.1964ears.com/products.

12.     The images below compare Fig. 2 of the '463 patent, which depicts JH Audio's claimed invention, with Defendant's V8 product.





The bottom image of Defendant's V8 product shows the presence of various components contained within an outer shell.

13. In addition to the images above, Defendant describes its V8 product on its website as follows:

> The V8 is handcrafted with eight balanced armature drivers in each earpiece coupled to a three-way crossover that yields unrivaled sonic purity. Featuring a Triple Bore design, they allow for the IEM's high, mid and low frequency sound components to be channeled through separate passages in the sound port.

See www.1964ears.com/product/1964-V8-Custom-In-Ear-Monitor.

14. Defendant also lists various "Features" and "Tech Specs" for the V8 on its website, including that the V8 has "hard acrylic shells," "Four Low, Two Mid, Two High Precision Tuned Armatures", and "Freq. Response: 10Hz – 20 kHz."

15. Defendant's V8 canalphone product directly infringes at least claim 1 of the '463 patent, literally or under the doctrine of equivalents.

16. The above images of Defendant's V8 product show the earpieces have outer shell and Defendant describes its V8 product as having "Features" that include "hard acrylic shells". The V8 shell is a "housing". Thus, Defendant's V8 canalphone product has, literally or under the doctrine of equivalents, a housing, satisfying element (a) of claim 1 of the '463 patent.

17. Defendant describes its V8 product as having "eight balanced armature drivers in each earpiece," with "Features" including "Four Low, Two Mid, Two High Precision Tuned Armatures." "Armatures" are "drivers". Thus, Defendant's V8 canalphone product has, literally

or under the doctrine of equivalents, two each of low, midrange and high frequency drivers within the housing, satisfying elements (b), (c), (d), (e), (f) and (g)(part 1) of claim 1 of the '463 patent.

18. There is no indication or reason to believe that Defendant's V8 product's "Two High Precision Tuned Armatures" produce dissimilar frequencies. Thus, the two high frequency drivers in Defendant's V8 product, literally or under the doctrine of equivalents, produce similar frequencies, satisfying element (g)(part 2) of claim 1 of the '463 patent.

19. Defendant describes the V8 product as "tuned" and calls its drivers "Tuned Armatures". Thus, the two high frequency drivers in Defendant's V8 product, literally or under the doctrine of equivalents, are positioned in such a way that the oscillation of one interacts with the oscillation of the other to reduce harmonic distortion, satisfying element (g)(part 3) of claim 1 of the '463 patent.

20. Defendant describes its V8 product as having "Tech Specs" that include "Freq. Response: 10Hz – 20 kHz." Thus, the two high frequency drivers in Defendant's V8 product, literally or under the doctrine of equivalents, produce distinguishable frequencies to a person using the system having 12,000 hertz to 18,000 hertz, satisfying element (g)(part 4) of claim 1 of the '463 patent.

21. Because Defendant's V8 product is a system that contains each element of claim 1 of the '463 patent it infringes the '463 patent.

22. At least Defendant's V6-Stage and V6 products also infringe the '463 patent.

23. Defendant's infringement of the '463 patent will continue unless and until enjoined by the Court.

24. Defendant's infringement of the '463 patent has injured and will continue to injure JH Audio as long as such infringement continues. JH Audio is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

25. No later than upon receipt of this Complaint, Defendant has had knowledge of the '463 patent. Defendant's infringement of the '463 patent with such knowledge is willful and deliberate.

## RELIEF SOUGHT

WHEREFORE, Plaintiff JH Audio respectfully requests that the Court enter judgment against Defendant and against each of its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant for infringement of the '463 patent;

B. A permanent injunction prohibiting further infringement of the '463 patent by Defendant and its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with it;

C. An award of damages against Defendant adequate to compensate Plaintiff for the infringement that has occurred, but in no event less than a reasonable royalty as permitted by 35

U.S.C. § 284, and interest and costs;

    D.    A finding that this case is exceptional and an award to Plaintiff of its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

    E.    Such other relief to which Plaintiff is entitled under the law and any other and further relief that the Court or a jury may deem just and proper.

## JURY DEMAND

JH Audio demands trial by jury.

Dated: December 19, 2014

Respectfully submitted,

*Daniel B. Ravicher*

Daniel B. Ravicher – **Trial Counsel**
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: +1 786 505 1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiff Jerry Harvey Audio Holding, LLC*