UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY HARVEY AUDIO**
**HOLDING, LLC,**         Case No. 6:14-cv-02083-CEM-KRS

      **Plaintiff,**

  v.

**1964 EARS, LLC,**

      **Defendant.**
_____/

**DECLARATION OF VITALIY BELONOZHKO IN SUPPORT OF DEFENDANT'S DISPOSITIVE MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR ALTERNATIVELY TO TRANSFER VENUE**

I, Vitaliy Belonozhko, hereby declare under penalty of perjury:

1. I am a member and the CEO of 1964 Ears, LLC ("1964 Ears"), the Defendant in this case. I am personally knowledgeable regarding the subject matter stated herein and make this declaration in support of 1964 Ears' Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue or Alternatively to Transfer Venue.

2. 1964 Ears is an Oregon LLC, filed with the Oregon Secretary of State on July 16, 2010. 1964 Ears is located in Portland, Oregon, on 7025 N. Lombard Street. This is our only physical location.

3. Since we started in 2010, 1964 Ears has exclusively been headquartered and based in Portland, Oregon. We have never had any offices or other places of business outside Oregon, nor have we ever been formed in any state other than Oregon or been

1

licensed to do business in any state other than Oregon. We have also never paid taxes to any state other than Oregon.

4. 1964 Ears is in the business of designing and manufacturing custom in-ear monitors, typically referred to as "IEMs." Our IEMs are designed and manufactured at our N. Lombard Street facility in Portland, Oregon.

5. 1964 Ears is a small company, with only about 30 employees. Our employees hand-craft each IEM we sell. All of our employees live in or near Portland, Oregon. We have no employees living in Florida, and had no employees living in Florida at the time we were sued by Plaintiff.

6. 1964 Ears maintains a website, www.1964ears.com, which is generally accessible by anyone in any state and, indeed, anywhere in the world. Our website displays information about our various models of IEMs, which include (but are not limited to) the three models accused of infringement by Plaintiff, our V6, V6-Stage, and V8 models ("Accused IEMs"). IEMs can be ordered through our website.

7. Our IEMs can also be ordered through authorized dealers. We only have one authorized dealer in Florida, Ears 2 Hear Hearing Center in Pensacola, Florida. Ears 2 Hear is an independently owned and operated hearing aid company that mainly fits and sells hearing aids. 1964 Ears does not own Ears 2 Hear, nor do we control any aspect of Ears 2 Hears' day-to-day operations, and no one at Ears 2 Hear is an employee of 1964 Ears.

8. 1964 Ears also has a social media presence, on the Twitter, Facebook, Instagram, and Pinterest platforms. Like our website, all of these accounts are equally accessible by anyone in any state, and anyone anywhere in the world.

9. 1964 Ears also took part in a campaign on Kickstarter, a crowd sourcing website, from November 5, 2014 to December 13, 2014. This campaign was for new products not accused of infringement; none of the Accused IEMs were a part of the campaign. No products were shipped to Florida (or anywhere else for that matter) as a result of this campaign prior to December 19, 2014. This is the only Kickstarter campaign we have taken part in. Kickstarter is a generally accessible website, equally accessible by anyone in any state, and anyone anywhere in the world.

10. Nothing on our website, our social media accounts, or our Kickstarter campaign is targeted at any particular state or residents of any particular state, including Florida. Neither our website, our social media accounts, nor our Kickstarter campaign contain any advertising targeted at any state or at residents of any state, including Florida.

11. Our website includes a link to a map of audiologists around the country. Because our IEMs are custom-made, they are fitted to each customer's ear canal, requiring an impression from an audiologist of the customer's ear canal. The map on our website includes a number of audiologists located in Florida, as it does for most other states  However, these audiologists are all independent of 1964 Ears. We do not control their operations, and we do not make any guarantees about their work, which we prominently state on our website. All service fees are paid directly to the audiologists, not to 1964 Ears, and 1964 Ears does not receive any profit from any of the audiologists. We have no relationship with the listed audiologists, we simply "recommend" them because we have gotten good reviews in the past of the work they've done.

12. As I already stated, 1964 Ears' IEMs are all made in Portland, Oregon. We have not made any products, including the Accused IEMs, anywhere in Florida. We also have not used any of our products, including the Accused IEMs, anywhere in Florida.

13. 1964 Ears has never run any advertisements for any of our products, including the Accused IEMs, in any Florida media. We have not advertised in Florida newspapers, magazines, or other printed publications. We have not advertised on Florida radio or television stations. We have not advertised on any Florida-specific websites or Florida-specific social media platforms. We have not sent mailers to Florida residents. We have not advertised on any Florida billboards. Simply put, we have not utilized any advertising or marketing program located in or targeted at the state of Florida or Florida residents.

14. 1964 Ears has never owned, used, leased, possessed, or held a mortgage or other lien on any real property located in Florida. We have never had any offices or other places of business located in Florida. Our sole physical location is in Portland, Oregon.

15. 1964 Ears has never been formed in Florida, registered to do business in Florida, or registered in any capacity with any Florida government agency. We have also never paid taxes to the state of Florida.

16. 1964 Ears has never had any employees, representatives, agents, or distributors located in Florida.

17. 1964 Ears has never had a parent or joint venture relationship with any Florida-based company, nor have we ever had any investments in any Florida-based businesses.

18.     1964 Ears has never had a telephone number, mailing address, or held any bank accounts in Florida.  Our telephone number is in Oregon, our mailing address is our N. Lombard Street address in Portland, and our bank accounts are located in Oregon.

19.     Other than four orders for non-accused IEMs that were placed at Ears 2 Hears' Pensacola, Florida location, which I discuss below, 1964 Ears has not made any sales of any non-accused IEMs at any physical locations in Florida.  1964 Ears has not sold any Accused IEMS at any physical locations in Florida.  We have never had any physical locations of our own in Florida, including retail stores.

20.     1964 Ears has never warehoused or stored any inventory or supplies in Florida, nor have we ever shipped any products from Florida.  This includes the Accused IEMs. Our products are all shipped from our N. Lombard Street facility in Portland, Oregon.

21.     1964 Ears has never contracted with an ISP located in Florida.  Our website is not hosted on any Florida-based servers.

22.     1964 Ears has never attended any trade shows in Florida.

23.     1964 Ears has never filed a lawsuit in Florida.  We have also never been sued in Florida, other than this lawsuit.

24.     1964 Ears does not have any contracts with any third party containing a Florida choice-of-law provision.

25.     1964 Ears has only ever made very minimal sales of products and services to Florida residents, through our www.1964ears.com website and through Ears 2 Hear.  Our sales of all products and services (not just Accused IEMs) to Florida residents amounted to approximately 2.83% of our total revenue for 2012 to December 19, 2014.  This figure

includes four sales made by Ears 2 Hear prior to December 19, 2014, none of which were Accused IEMs. Ears 2 Hears' four sales were all through its Pensacola, Florida location; none of the sales were through Ears 2 Hears' website. Ears 2 Hears' four sales amounted to approximately 0.065% of our total revenue for 2014, and approximately 0.037% of our total revenue for 2012 to December 19, 2014.

26. Our sales of Accused IEMs into Florida have been even more minimal than our sales generally into Florida. From November 25, 2014 until December 19, 2014, we only sold one Accused IEM to a Florida resident, a V6-Stage IEM sold to a customer located in Boca Raton, invoiced on November 27, 2014. This one sale amounts to approximately 0.018% of our total revenue for the year 2014, and approximately 0.010% of our total revenue for 2012 to December 19, 2014. The order came in through our www.1964ears.com website. Ears 2 Hears did not sell any Accused IEMs prior to December 19, 2014.

27. Since April 2014, 1964 Ears has engaged the services of a Florida-based PR firm based in Aventura. This firm introduces artists and musicians to all of our products, not just the Accused IEMs. Nothing this firm has done for us has been specifically targeted at Florida or at residents of Florida. This firm is not a parent, subsidiary, or joint venture of 1964 Ears; does not act as an agent or distributor for 1964 Ears; does not have any authority to bind 1964 Ears to any agreements with anyone; and no one at this firm is an employee of 1964 Ears. 1964 Ears does not have a formal written contract with this firm.

28. As I said previously, 1964 Ears is a small business. Because we are so small, regular attendance of each of our employees is critical to the success of our business. When

our employees can't come to work, our business suffers, for instance, by causing us to fall behind on orders.

29. Because Plaintiff claims our Accused IEMs infringe Plaintiff's patent, we expect that we will need to rely on several of our employees to testify on topics concerning the design, development, manufacture, marketing, and sale of the Accused IEMs. We understand that there will be both the trial in this case, as well as a hearing known as the "Markman" hearing, where the court will interpret the scope of Plaintiff's patent claims. We expect that we will need to fly multiple employees out to Florida for the trial and for at least this Markman hearing, including myself; Anastasia Belonozhko, also a member of 1964 Ears; our lab manager, Bogdan Belonozhko; and one or more of our technicians, who are familiar with the design and manufacture of the Accused IEMs. These people all live in or near Portland, Oregon. In addition to having to pay to fly these people to Florida and having to pay for their accommodations in Florida, having these people not attend work for whatever lengths of time they are traveling to and in Florida for this case will be severely disruptive to 1964 Ear's business, causing lost productivity, lost revenue, and lost profits. Since we are so small, we can't simply absorb these costs elsewhere; defending ourselves in Florida will affect our bottom line. However, if the suit is moved to Oregon, we understand that it will be held at the Portland district courthouse, which is only a few miles from us. This would significantly reduce the impact to our business.

30. In addition to needing to rely on several employees, we also expect that we will have to produce documents relating to the design, development, marketing, manufacture, and sale of our Accused IEMs. The Accused IEMs were designed and developed in

Portland, are manufactured in Portland, and are sold and shipped from Portland. Thus, these types of documents, as well as other evidence we may need (like samples of the Accused IEMs), are located in Portland, Oregon. Transporting our documents and things from Portland to Florida will be an added cost and burden to 1964 Ears. Again, the burden would be less to us if we only had to transport them to the local courthouse. We do not keep any of these documents or things in Florida.

31. Additionally, our main lawyers working on our defense are located in Portland, Oregon. While we have local Florida counsel for purposes of being able to appear in this court, our Portland lawyers have primary responsibility for our defense. We understand that our Portland lawyers will need to travel to this court for at least the trial and the "Markman" hearing. Paying to send our Portland lawyers to Florida, multiple times, will be an added cost and burden to 1964 Ears, which would not exist if this case were tried in Portland.

32. As part of our defense, we also anticipate having to rely on at least one third party witness with knowledge and expertise pertinent to issues of invalidity and non-infringement. This third party witness lives in the western United States. We believe this person may have documents and things pertinent to invalidity, also located in the west. No such information is believed to be located in Florida. We believe that calling this witness to appear in Florida would be significantly more disruptive than if they were called to appear in Oregon.

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Dated: February 26, 2015

                                                      Vitaliy Belonozhko

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2015, I filed and true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Daniel Ben Ravicher, Esquire**, Ravicher Law Firm, 2000 Ponce De Leon Blvd., Suite 600, Cora Gables, FL 33134, dan@ravicher.com.

        s/ Kathleen M. Wade
Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida  33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
*Local trial counsel for Defendant,*
*1964 Ears, LLC*

and

Hillary A. Brooks
*Pro Hac Vice Application to be filed*
Delfina S. Homen
*Pro Hac Vice Application to be filed*
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison St., Ste. 400
Portland, OR 97204
(503) 222-3613
hillary.brooks@techlaw.com
delfina.homen@techlaw.com
*Lead trial counsel for Defendant,*
*1964 Ears, LLC*