UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERRY HARVEY AUDIO HOLDING, LLC,
and JERRY HARVEY AUDIO, LLC,

      Plaintiffs,                            Case No. 6:14-cv-02083-CEM-KRS

v.

1964 EARS, LLC, and EASTERWOOD &
ASSOCIATES, LLC, d/b/a EARS 2 HEAR,

      Defendants.
_____/

**DEFENDANT 1964 EARS LLC'S MOTION TO STAY AND EXTEND TIME TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR ORAL ARGUMENT**

Pursuant to Fed. R. Civ. P. 6(b), Defendant 1964 Ears, LLC ("Defendant") respectfully moves this Court on the following grounds for an order staying and extending Defendant's time to respond to Plaintiffs Jerry Harvey Audio Holding, LLC's ("JH Holding") and Jerry Harvey Audio, LLC's ("JH Audio") (collectively, "Plaintiffs") motion for preliminary injunction:

    (1)    This Court cannot exercise personal jurisdiction over Defendant and venue is not proper in this Court;

    (2)    Alternatively, this action should be transferred to the District Court for the District of Oregon;

    (3)    Defendant is concurrently seeking dismissal of Plaintiffs' amended complaint for lack of personal jurisdiction and improper venue, or, alternatively, transfer of venue to the

1

U.S. District Court for the District of Oregon;

(4)  This Court is required to decide Defendant's motion to dismiss for lack of personal jurisdiction prior to considering any motions going to the merits of the case, and should simultaneously decide Defendant's alternative motion to transfer venue since the grant of either motion will remove this case from the Court's docket;

(5)  Plaintiffs' motion for preliminary injunction goes to the merits of the case because it seeks an order enjoining Defendant from making, using, selling, offering to sell or importing Defendant's products, and therefore requires the Court to determine the scope of Plaintiffs' patent claims, whether Defendant's products infringe Plaintiffs' patent claims as properly construed, and whether Plaintiffs' patent is invalid or otherwise unenforceable;

(6)  Deciding Plaintiffs' motion for preliminary injunction therefore requires this Court to adjudicate a personal claim or obligation, which this Court constitutionally has no power to do unless it has jurisdiction over Defendant;

(7)  Additionally, Plaintiffs' motion goes to the merits of the action, which has just begun, with no opportunity for discovery. Defendant needs discovery as to infringement, invalidity, and unenforceability issues to properly prepare its response to Plaintiffs' motion for preliminary injunction;

(8)  Staying and extending Defendant's time for responding to Plaintiffs' motion for preliminary injunction would promote orderly decision of the parties' motions and judicial efficiency;

(9)  Accordingly, good cause exists for staying and extending Defendant's time to respond to Plaintiffs' motion until 70 days after the Court decides Defendant's motions, in

the event the Court does not grant either of Defendant's motions.

WHEREFORE, Defendant respectfully requests that this Court:

a. Grant this Motion;

b. Enter an order staying and extending Defendant's time to respond to Plaintiffs' motion for preliminary injunction until 70 days after the Court issues its decision on Defendant's motions to dismiss for lack of personal jurisdiction and improper venue or alternatively to transfer venue, in the event the Court does not grant either of Defendant's motions; and

c. Grant all such further relief as this Court deems just and appropriate.

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY AND EXTEND TIME TO RESPOND

In accordance with Local Rule 3.01, Defendant submits this memorandum of law in support of its Motion.

### I.   INTRODUCTION

The Court should stay and extend Defendant's time to respond to Plaintiffs' motion for preliminary injunction until 70 days after the Court issues a decision on Defendants' pending motions to dismiss for lack of personal jurisdiction and improper venue or, alternatively, to transfer this case to the U.S. District Court for the District of Oregon. Personal jurisdiction is a threshold, constitutional requirement in all cases, and it therefore would be improper for the Court to decide Plaintiffs' motion unless and until the Court determines it has personal jurisdiction over Defendant. Staying and extending Defendant's time to respond would promote orderly decision of the parties' respective motions, and would also promote judicial efficiency, because if the Court grants either of Defendant's

motions, this case will no longer be on the Court's docket. Further, Defendant needs additional time to seek discovery related to Plaintiffs' motion in order to prepare its response. For these reasons, Defendant respectfully requests that the Court stay and extend Defendant's time for responding to Plaintiffs' motion for preliminary injunction until 70 days after the Court issues a decision on Defendant's motions.[1]

## II.   STATEMENTS OF FACTS

This lawsuit involves alleged infringement of Plaintiffs' patent by seven models of Defendant's in-ear monitors ("IEMs"). As set forth in detail in Defendant's pending motions, Defendant is an Oregon-based company with insufficient ties to Florida to support the exercise of general jurisdiction by this Court. Defendant also lacks minimum contacts with Florida necessary to support the exercise of specific jurisdiction by this Court.

Plaintiff JH Holding instituted this lawsuit on December 19, 2014, alleging infringement of U.S. Pat. No. 8,897,463 ("the '463 Patent") by three of Defendant's IEM models. (*See generally* Dkt. #1.) In response, on February 26, 2015, Defendant filed a motion to dismiss Plaintiff JH Holding's complaint for lack of personal jurisdiction and improper venue, or, alternatively to transfer venue to Oregon.[2] (*See* Dkt. 15.) Rather than

---

[1] The parties have discussed a potential agreement as to the timing and progression of early discovery on their respective motions. Under Plaintiffs' counsel's most recent proposal, each party would have a total of 70 days from the Court's ruling on the instant Motion until the time for serving the party's responsive brief, including time for preparing and serving discovery requests, time for responding to the requests, and time for briefing thereafter.

[2] Defendant's first motion to dismiss was filed a week after Defendant's deadline for replying to Plaintiff JH Holding's complaint as a result of Plaintiff JH Holding's suggestion that the parties request a one week extension to allow more time for the required meet and confer. (*See* Dkt. #11.) In retrospect, it now appears that Plaintiff JH Holding sought the extension of time merely to give it more time to prepare its amended complaint and preliminary injunction. Counsel for Plaintiff JH Holding made no indication during the meet and confer that Plaintiff JH Holding was preparing to file an amended complaint and a preliminary injunction, both of which came as a surprise to Defendant.

respond to Defendant's motion, Plaintiffs, on March 4, 2015, filed an amended complaint, alleging infringement by four additional IEM models, and providing "new" allegations as to Defendant's activities that largely parroted information Defendant disclosed in its original motion to dismiss. (*See* Dkt. #22.) Plaintiffs simultaneously filed their motion for preliminary injunction, which closely tracks the amended complaint. (*See* Dkt. #23.)

Plaintiffs' new allegations do not alter the fact that Defendant does not maintain continuous and systematic ties with Florida, and does not have the necessary minimum contacts with Florida for jurisdiction to lie. For instance, Plaintiffs' addition of four additional accused devices did not change the nature of Defendant's *de minimis* sales to Florida customers of both accused and non-accused products. Further, the four new models were a part of a publicly displayed Kickstarter campaign that was complete by the time Plaintiff JH Holding filed the original complaint. Plaintiffs has not explained why these four models were not a part of the lawsuit from the outset.

This case is in its infancy. Plaintiffs and Defendant have yet to hold their case management conference, and in fact agree that it would be most economical to stay preparation of the case management report until Defendant's motions are decided. However, both parties intend to move this Court for discovery on their respective motions, which will require additional time for decision from the Court, as well as time to prepare, obtain, and review said discovery. For its part, Defendant intends to challenge Plaintiff's assertion of infringement, which Defendant expects will require the Court to construe at least some of the patent claims. Defendant also intends to challenge the purported validity and enforceability of the '463 Patent, as it appears that multiple grounds exist for invalidating the patent,

including obviousness, anticipation, indefiniteness, lack of enablement, and inequitable conduct. Defendant expects it will require discovery from Plaintiff and from third parties on these issues.

Owing to the constitutional requirement that personal jurisdiction be decided first, as well as Defendant's need for additional time to obtain discovery in order to respond to Plaintiffs' motion, Defendant's motion for a stay and extension of time to respond to Plaintiff's motion follows.

### III. ARGUMENT

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or extension expires." Fed. R. Civ. P. 6(b). Plaintiff's motion for preliminary injunction was filed on March 4, 2015, making Defendant's time for response March 23, 2015. *See* Rule 3.01(b), FRCP 6(d). Because this Motion is filed within Defendant's time for responding to the motion, it is timely, and Defendant must only show good cause exists for the required extension. *See* Fed. R. Civ. P. 6(b); *Mercado v. HFC Collection Center, Inc.*, No. 3:12-cv-122-J-12JBT, 2012 WL 1788163, at *1 (M.D. Fla. May 16, 2012) (motion for extension of time filed on last day of original response period timely; moving party "must show only 'good cause' for the requested extension").

Good cause for Defendant's requested extension exists here. Defendant is concurrently seeking dismissal of this case for lack of personal jurisdiction. "As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's case." *United States v. Subklew*, No. 003518CIVGRAHAM, 2001 WL

896473, at *1 (S.D. Fla. June 5, 2001) (citing *Republic of Pam v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935 (11th Cir. 1997)). This is because constitutionally, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Corp. v. Hazeltine*, 395 U.S. 100, 110 (1969) (holding judgment and injunction against party improper in light of this principle) (citing *Pennoyer v. Neff*, 95 U.S. 714 (1878); *Vanderbilt v. Vanderbilt*, 354 U.S. 416, 418 (1957)); *see also R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) ("It is well established that due process precludes courts from adjudicating in personam the rights or obligations of persons in the absence of personal jurisdiction.").

Plaintiffs' motion for preliminary injunction seeks an order from this Court "prohibiting [Defendant] from making, using, selling, offering to sell, or importing products that infringe Plaintiffs' ['463 Patent]." (Dkt. #23 at 1.) Plaintiffs' motion for preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that [Plaintiffs] [are] entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 376-76 (2008); *see also Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1375 (Fed. Cir. 2009). To succeed on their motion, Plaintiffs must show that they are "likely to succeed on the merits," which requires Plaintiffs to show not only that they will likely prove infringement, but also that they will likely withstand challenges to the validity of the '463 Patent. *Titan Tire*, 566 F.3d at 1375, 1376. Defendant, in challenging validity, has the burden of providing evidence raising a substantial question as to the invalidity of the '463 Patent. *Id.* at 1376; *Altana Pharma AG v. Teva*, 566 F.3d 999, 1005-06 (Fed. Cir. 2009).

Plaintiffs' motion necessarily goes to the merits of Plaintiffs' case, the sole basis for

7

which is Defendant's alleged infringement of the '463 Patent. The Court accordingly must address Defendant's motion to dismiss for lack of personal jurisdiction first. *Subklew*, 2001 WL 896473 at *1; *see also Maritz, Inc. v. Cybergold, Inc.*, 947 F. Supp. 1328, 1329 (E.D. Mo. 1996) (noting that the court, in light of plaintiff's motion for preliminary injunction, ordered expedited briefing on defendant's motion to dismiss); *Walack v. Worldwide Mach. Sales, Inc.*, 278 F. Supp. 2d 1358, 1363 (M.D. Fla. 2003) (noting that when a defendant moves to dismiss for failure to state a claim and for lack of personal jurisdiction, "the court should address the personal jurisdiction question first") (citing *Madara v. Hall*, 916 F.2d 1510, 1513-14 (11th Cir. 1990)).

Moreover, in addition to reaching the merits of the case, Plaintiffs' requested relief—an injunction of Defendant's sales, offers to sell, etc.—is a request for a legally binding order against Defendant. However, "[b]efore a district court can reach the merits of a dispute and enter legally binding orders, it must determine as a threshold matter whether it possesses personal jurisdiction over the defendants. The question of jurisdiction is always vital." *Falkirk Mining*, 906 F.2d at 372; *see also Zenith*, 395 U.S. at 110 ("The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."). Even if Plaintiffs were to succeed in their required showing on their motion, which Defendant submits they will not, this Court could not grant them the requested injunctive relief unless and until the Court determines that it has jurisdiction over Defendant.

Additional good cause exists to extend Defendant's time to respond to Plaintiff's motion for preliminary injunction: the necessity for expedited discovery in order to respond

to Plaintiffs' motion. Again, Plaintiffs' motion can be successfully defeated through a showing that the '463 Patent is likely invalid. Defendant can succeed on this showing by providing evidence raising a substantial question as to the invalidity of the '463 Patent. *Titan Tire*, 566 F.3d at 1376; *Altana Pharma*, 566 F.3d at 1005-06. Defendant needs discovery on issues relating to invalidity and unenforceability of the '463 Patent, as well as on issues relating to non-infringement, a process that requires Defendant to first seek leave of the Court.[3] *See* LR 3.05(c)(2)(B) ("Unless otherwise ordered by the court, a party may not seek discovery from any source before the [case management] meeting."). Accordingly, Defendant needs additional time to seek leave of the Court, prepare and issue requests, and review responses so that Defendant can prepare its response to Plaintiffs' motion.

Finally, "courts have inherent power to manage their dockets and stay proceedings." *Roblor Mktng. Grp., Inc. v. GPS Indus., Inc.*, 633 F. Supp. 2d 1341, 1346 (S.D. Fla. 2008) (quoting *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988)). "[T]he decision whether to stay rests with the sound discretion of the Court." *Id.* (internal quotation marks omitted). Staying and extending Defendant's time to respond to Plaintiffs' motion for preliminary injunction would promote judicial efficiency, particularly since if the Court grants either of Defendant's motions, this case, at least as regards Defendant, will no longer be on the Court's docket.[4] Further, staying and extending Defendant's time to respond

---

[3] The parties are still in the process of attempting to reach an agreement as to how to seek early discovery on both parties' motions. If the parties cannot reach a stipulation, Defendant intends to move this Court pursuant to LR 3.05(c)(2)(B) and Fed. R. Civ. P. 26(d) for leave to conduct discovery prior to the Rule 26(c) conference.

[4] In their amended complaint, Plaintiffs added Defendant's sole authorized Florida dealer, Ears 2 Hear, as a defendant, for reasons that are unknown to Defendant. The monetary and injunctive remedies Plaintiffs seek can all be properly obtained from Defendant alone, making Ears 2 Hear an unnecessary party. Notably, Plaintiffs' motion for preliminary injunction is *not* urged against Ears 2 Hear, and Plaintiffs did not also sue any

would also promote orderly decision of the parties' respective motions and anticipated ancillary motions. Accordingly, granting the relief requested herein would be within the Court's sound discretion to manage its docket and stay proceedings. *Roblor Mktng.*, 633 F. Supp. 2d at 1346.

## IV. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that the Court enter an order staying and extending Defendant's time to respond to Plaintiffs' motion for preliminary injunction until 70 days after the Court issues its decision on Defendant's motions to dismiss or alternatively to transfer venue, in the event the Court does not grant either of Defendant's motions.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)

The undersigned certifies that counsel for Defendant has conferred with Plaintiffs' counsel in a good faith effort to resolve or narrow the issues presented in this Motion, but counsel were unable to agree upon the requested relief.

---

other authorized dealers. Nor does the addition of Ears 2 Hear as a defendant bolster Plaintiffs' jurisdictional allegations, for the reasons discussed in Defendant's motion to dismiss.

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 3.10(j), Defendant respectfully requests that the Court schedule oral argument on Defendant's motion. Defendant estimates that no more than 30 minutes per side is needed for argument.

Dated this 23rd day of March, 2015.

s/ Hillary A. Brooks
Hillary A. Brooks
*Admitted Pro Hac Vice*
Delfina S. Homen
*Admitted Pro Hac Vice*
MARGER JOHNSON & McCOLLOM, P.C.
210 SW Morrison St., Ste. 400
Portland, OR 97204
(503) 222-3613
hillary.brooks@techlaw.com
delfina.homen@techlaw.com
*Lead trial counsel for Defendant, 1964 Ears, LLC*

and

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida 33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
*Local trial counsel for Defendant, 1964 Ears, LLC*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on March 23, 2015, I filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following: **Daniel Ben Ravicher, Esquire**, Ravicher Law Firm, 2000 Ponce De Leon Blvd., Suite 600, Cora Gables, FL 33134, dan@ravicher.com.

              s/ Kathleen M. Wade_____
              Richard E. Fee
              Florida Bar No. 813680
              Kathleen M. Wade
              Florida Bar No. 127965
              FEE & JEFFRIES, P.A.
              1227 N. Franklin Street
              Tampa, Florida 33602
              (813) 229-8008
              rfee@feejeffries.com
              kwade@feejeffries.com
              *Local trial counsel for Defendant,*
              *1964 Ears, LLC*

              and

              Hillary A. Brooks
              *Admitted Pro Hac Vice*
              Delfina S. Homen
              *Admitted Pro Hac Vice*
              MARGER JOHNSON &
              McCOLLOM, P.C.
              210 SW Morrison St., Ste. 400
              Portland, OR 97204
              (503) 222-3613
              hillary.brooks@techlaw.com
              delfina.homen@techlaw.com
              *Lead trial counsel for Defendant,*
              *1964 Ears, LLC*