UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY HARVEY AUDIO HOLDING, LLC and JERRY HARVEY AUDIO, LLC,**

      **Plaintiffs,**

v.   Case No:  6:14-cv-2083-Orl-41KRS

**1964 EARS, LLC and EASTERWOOD & ASSOCIATES, LLC, D/B/A/ EARS 2 HEAR,**

      **Defendants.**

/

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Motion for Temporary Restraining Order ("Motion for TRO") (Doc. 37); Defendant 1964 Ears, LLC's ("1964 Ears")[1] Motion to Stay and Extend Time to Respond to Plaintiffs' Motion for Preliminary Injunction (Doc. 33); 1964 Ears' Motion for a Preliminary Pretrial Conference or Status Conference (Doc. 41); Plaintiffs' Motion for Leave to File a Reply (Doc. 45); Plaintiffs' Amended Motion for Leave to File a Reply (Doc. 46); Plaintiffs' Motion for Extension of Time (Doc. 48); and 1964 Ears' first Dispositive Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue or Alternatively to Transfer Venue. (Doc. 15).

**I.   BACKGROUND**

Plaintiffs are businesses founded, owned, and managed by Jerry Harvey, a sound engineer who patented a type of "personal audio listening device[] called 'canalphones,'" also known as

---

[1] Defendant Easterwood & Associates, LLC is not involved in any of the pending motions.

"in-ear monitors ('IEM')." (Am. Compl., Doc. 22, ¶¶ 1, 15). Mr. Harvey's patent, United States Patent No. 8,897,463 (the "'463 Patent"), which relates to IEMs, is currently owned by Plaintiff Jerry Harvey Audio Holding, LLC and is marketed and sold by Plaintiff Jerry Harvey Audio, LLC. (*Id.* ¶ 14). 1964 Ears also manufactures and sells IEMs. (*Id.* ¶¶ 2, 16). According to Plaintiffs, some of 1964 Ears' IEMs infringe the '463 Patent. (*See Id.* ¶ 34–72).

Alleging infringement, Plaintiffs filed this suit on December 19, 2014. (Compl., Doc. 1). Approximately three months later, Plaintiffs filed an Amended Complaint along with a Motion for Preliminary Injunction against 1964 Ears. (Doc. Nos. 22, 23). In response to the Motion for Preliminary Injunction, 1964 Ears requested an extension of time to respond, citing the need to conduct preliminary discovery. (Mot. to Stay & Extend Time to Respond, Doc. 33). On the same day, 1964 Ears filed its second Dispositive Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 35) and in the alternative, a Motion to Transfer Venue (Doc. 34), in light of the fact that its first Motion to Dismiss or Transfer was mooted by Plaintiffs' Amended Complaint. Three days later, on March 26, 2015, Plaintiffs filed their Motion for TRO, asking for essentially the same relief as that in the Motion for Preliminary Injunction but in an expedited manner—although Plaintiffs stopped short of labeling their Motion for TRO as an emergency. (Mem. in Support of Mot. for TRO, Doc. 37-1). 1964 Ears opposes the Motion for TRO, (Revised Resp. to Mot. for TRO, Doc. 42), and Plaintiffs wish to file a Reply to 1964 Ears' Response, (Am. Mot. for Leave to File Reply, Doc. 46). Plaintiffs' Motion to file a Reply is essentially a Reply; it is three pages in length and sets forth the bases on which Plaintiffs object to 1964 Ears' arguments. Further briefing would not assist the Court.

## II.    MOTION FOR TRO

As an initial matter, the procedural posture of this case is atypical for a TRO, for

which motions are typically filed immediately, ex parte, and issued prior to a motion for preliminary injunction. *See* Fed. R. Civ. P. 65(b). Here, Plaintiffs filed no request for preliminary injunctive relief—whether a TRO or preliminary injunction—until almost three months after filing their Complaint, and they then requested a preliminary injunction not a TRO. Now, Plaintiffs are requesting the same preliminary injunctive relief in the form of a TRO.

In essence, Plaintiffs are requesting that a TRO be entered while 1964 Ears conducts the discovery it asserts is necessary to respond to the Motion for Preliminary Injunction. (*See* Mem. in Support of Mot. for TRO at 2 ("It has become clear to Plaintiffs that [1964 Ears'] legal strategy here is to delay as much as possible the Court's consideration of the preliminary injunction . . . . Thus, Plaintiffs are forced to bring this Motion . . . in order to protect the current marketplace *status quo*."). Plaintiffs also contend that the immediacy of the harm to Plaintiffs changed the week of March 26, 2015, when 1964 Ears began shipping new infringing IEMs to customers. (*Id.* at 3).

Plaintiffs' Motion for TRO will be denied. This Court cannot enjoin 1964 Ears until it is satisfied that the exercise of personal jurisdiction over 1964 Ears is permitted. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) ("A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings."); *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990) ("[B]ecause [defendant] was not subject to the jurisdiction of the court, . . . [he] could not be personally bound by its rulings."); *see also Mainline Info. Sys., Inc. v. Northcott*, No. 4:12-cv-247–RH/CAS, 2013 WL 6085228, at *1 (N.D. Fla. July 20, 2013) (exempting a single defendant from a preliminary injunction entered against similarly situated co-defendants

because the single defendant challenged personal jurisdiction).

Moreover, Plaintiffs have failed to establish that they will be subject to immediate, irreparable harm within the time necessary for the Court to rule on 1964 Ears' Motion to Dismiss and Plaintiff's Motion for Preliminary Injunction. *See Mango's Tropical Café, Inc. v. Mango Martini Rest. & Lounge, Inc.*, 844 F. Supp. 2d 1246, 1251 (S.D. Fla. 2011) ("A temporary restraining order is an appropriate remedy in a situation where a party is facing immediate irreparable harm that will likely occur before a hearing for preliminary injunction can be held."). Plaintiffs argue that the harm became immediate the week of March 26, 2015, when 1964 Ears began shipping its new "A-Series" models of allegedly infringing IEMs to customers. However, Plaintiffs were aware, at the latest, in January 2015 that 1964 Ears were marketing and selling the A-Series. (Harvey Decl., Doc. 37-2, ¶ 8). Yet, Plaintiffs did not seek a TRO or expedited review of its Motion for Preliminary Injunction at that time. Plaintiffs' other arguments for immediate irreparable harm are too speculative. While the concerns of 1964 Ears "flooding the marketplace" and stripping Plaintiffs of their goodwill may be examined on the motion for preliminary injunction, there is no record evidence indicating such drastic actions could be accomplished in the relatively short time period necessary to address the pending jurisdictional motion.

Accordingly, the record fails to demonstrate the type of immediate harm sufficient to invoke the drastic remedy of issuing a temporary restraining order. *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (noting that the issuance of preliminary injunctive relief "is an extraordinary and drastic remedy not to be granted until the movant clearly carries [its] burden of persuasion." (quotation omitted)); *Haitian Refugee Ctr., Inc. v. Christopher*, 43 F.3d 1431, 1432 (11th

Cir. 1995) (noting that all "preliminary injunctive relief" constitutes "extraordinary and drastic" relief (quotation omitted)).

### III.   1964 EARS' MOTION TO STAY AND EXTEND TIME; MOTION FOR STATUS CONFERENCE

In response to Plaintiffs' Motion for Preliminary Injunction, 1964 Ears filed a motion requesting that this Court extend the time to respond to Plaintiffs' Motion for Preliminary Injunction until seventy days after the Court issues an Order on 1964 Ears' Motion to Dismiss for Lack of Personal Jurisdiction or alternative Motion to Transfer. The basis of 1964 Ears' request is two-fold: first, if either of the motions is granted, 1964 Ears will not be required to respond in this Court; second, because the Motion for Preliminary Injunction goes to the merits of the case, 1964 Ears needs to conduct discovery prior to responding. As set forth above, the Court cannot enjoin 1964 Ears until it is satisfied that it can exercise personal jurisdiction over 1964 Ears. Accordingly, the Court will not address the Motion for Preliminary Injunction until the jurisdictional issues have been examined. Therefore, 1964 Ears' deadline for responding to Plaintiffs' Motion for Preliminary Injunction will be temporarily stayed until the Court issues a ruling on its Motion to Dismiss, which it will do expeditiously upon the filing of Plaintiffs' Response.

As to 1964 Ears' request for a seventy-day extension of time to conduct discovery, the Court will defer ruling until the issue has been fully briefed. Furthermore, in light of the above, a status conference to determine upcoming deadlines is not necessary at this time.

### IV.   PLAINTIFFS' MOTION FOR EXTENSION OF TIME

Finally, Plaintiffs have requested a four-week extension of time from April 9, 2015—Plaintiffs' original due-date—until May 7, 2015, to file their Response to 1964 Ears' Motion to Dismiss and alternative Motion to Transfer. Given the extenuating circumstances set forth in Plaintiffs' Motion for Extension of Time, the Court will grant Plaintiffs a one-month extension of

time from the date of this Order, making Plaintiffs' Responses due on or before May 3, 2015. However, as set forth above, Plaintiffs' Motion for Preliminary Injunction will not be addressed until an Order is issued on 1964 Ears' Motion to Dismiss, and such an Order will not be issued until the Court receives Plaintiffs' Response to the Motion to Dismiss.

V.    CONCLUSION

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. 1964 Ears' first Dispositive Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Improper Venue or Alternatively to Transfer Venue (Doc. 15) is **DENIED as moot**.

2. 1964 Ears' Motion to Stay and Extend Time to Respond to Plaintiffs' Motion for Preliminary Injunction (Doc. 33) is **GRANTED in part** and **DEFERRED in part**. 1964 Ears' Response to Plaintiffs' Motion for Preliminary Injunction is **STAYED** pending the issuance of an order on 1964 Ears' Motion to Dismiss. Insofar as 1964 Ears requests a seventy-day extension of time, the ruling is deferred.

3. Plaintiffs' Motion for Temporary Restraining Order (Doc. 37) is **DENIED**.

4. 1964 Ears' Motion for a Preliminary Pretrial Conference or Status Conference (Doc. 41) is **DENIED**.

5. Plaintiffs' Motion for Leave to File a Reply (Doc. 45) is **DENIED as Moot**, and Plaintiffs' Amended Motion for Leave to File a Reply (Doc. 46) is **DENIED**.

6. Plaintiffs' Motion for Extension of Time (Doc. 48) is **GRANTED in part**. Plaintiffs may file their Responses to 1964 Ears' Motion to Dismiss and alternative Motion to Transfer on or before May 3, 2015.

**DONE** and **ORDERED** in Orlando, Florida on April 3, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record