UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERRY HARVEY AUDIO HOLDING, LLC,
and JERRY HARVEY AUDIO, LLC,

                Plaintiffs,        Case No. 6:14-cv-02083-CEM-KRS

v.

1964 EARS, LLC, and EASTERWOOD &
ASSOCIATES, LLC, d/b/a EARS 2 HEAR,

                Defendants.

## PLAINTIFFS' CROSS-MOTION FOR RULE 11 SANCTIONS

Pursuant to Fed. R. Civ. P. 11(c) and Local Rule 3.01, Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC, (collectively "JH Audio") hereby cross-move for an order of Rule 11 sanctions against Defendant 1964 Ears, LLC's ("1964 Ears") for filing its Motion for Rule 11 Sanctions (Dkt. 67).

## MEMORANDUM OF LAW

### I.    INTRODUCTION

If 1964 Ears' Motion for Rule 11 sanctions is denied, as JH Audio believes it should be, JH Audio will be the prevailing party and the Rule expressly provides it may be awarded its expenses, including attorney's fees, in responding. Such is especially appropriate here because, prior to 1964 Ears filing its motion, JH Audio provided 1964 Ears a complete draft of its opposition and supporting declarations that detailed JH Audio's pre-suit hands-on inspection of accused devices, yet 1964 Ears continued to file its motion regardless and failed to even address those facts. Sanctions against 1964 Ears is also appropriate because 1964 Ears' CEO submitted a declaration in support of the motion that contradicts his previous declaration in support of

1964 Ears' motions to dismiss and transfer.

**II.     FACTS**

**A.     1964 Ears Was Aware That JH Audio Had Physically Performed A Hands-On Inspection Of Accused Devices Before It Filed Its Motion**

1964 Ears served its proposed Motion for Rule 11 sanctions on JH Audio on May 1, 2015. D. Ravicher[1], ¶ 4. On May 22, JH Audio provided 1964 Ears with a draft opposition and supporting declarations substantially similar to those filed by JH Audio with the Court today. *Id*. JH Audio also provided 1964 Ears with a draft of this motion. *Id*. Counsel for JH Audio and 1964 Ears conferred regarding 1964 Ears' proposed Motion for Rule 11 Sanctions and JH Audio's proposed Cross-Motion for Rule 11 Sanctions on May 27.

In the draft opposition and again during the conferral, JH Audio made 1964 Ears expressly and repeatedly aware of the fact that JH Audio had performed a hands-on inspection of accused devices prior to filing suit. *Id*. Yet, 1964 Ears chose to continue to file its motion with the Court subsequent thereto without even mentioning or addressing those facts. *Id*.

**B.     1964 Ears' CEO Has Submitted Conflicting Testimony To The Court**

1964 Ears states in its motion that, "[e]very accused device was available, openly and notoriously, ***before*** Plaintiffs initiated this lawsuit on December 19, 2014." Def. Mot. Rule 11, p. 5 (emphasis in original). This statement is supported by 1964 Ears' CEO, Mr. Belonozhko, in his concurrently filed declaration. D. Belonozhko (Dkt. 68), ¶ 2. But that statement flatly contradicts what Mr. Belonozhko told the Court in his declaration submitted in support of 1964 Ears' previously filed motions to dismiss and transfer (Dkt. 35-1). Back then he said the A12, A10, U8 and U6 canalphones could not be purchased through 1964 Ears websites when this

---

1   "D. Ravicher" refers to the Declaration of Daniel B. Ravicher, Esq., filed in support hereof.

suit was filed, that the only way to purchase them was through 1964 Ears' Kickstarter campaign, and that none had been shipped prior to December 19, 2014. Dkt. 35-1, ¶ 9, 11. Now, in support of 1964 Ears' Motion for Rule 11 Sanctions, he says the exact opposite.

### III.     ARGUMENT

In expectation that the Court will deny 1964 Ears' motion for Rule 11 sanctions, JH Audio moves the Court to award it its reasonable expenses, including attorney's fees, incurred in responding thereto.[2] Not only does Rule 11 expressly provide for such an award to "the prevailing party," Fed. R. Civ. P. 11(c)(2), here such an award is especially appropriate given that (i) 1964 Ears filed its motion after knowing JH Audio had performed a pre-suit hands-on inspection of accused devices, (ii) 1964 Ears failed to even mention or address those facts in its motion, and (iii) 1964 Ears' CEO submitted testimony in support of the motion that contradicts his previously sworn declaration. Further, failing to sanction 1964 Ears for filing its motion may have the perverse effect of actually encouraging 1964 Ears to file even more such motions in the future, which will unduly burden both the Court and JH Audio. Sanctions against 1964 Ears are necessary to deter such conduct. Fed. R. Civ. P. 11(c)(4).

### IV.     CONCLUSION

JH Audio respectfully requests that the Court grant its cross-motion for sanctions against Defendant 1964 Ears, such sanctions to include an award to JH Audio of its costs, including attorney's fees, incurred in responding to 1964 Ears' motion.

---

2   The 21-day notice safe-harbor period applicable to Rule 11 motions does not apply to cross-motions for sanctions in response to a Rule 11 motion. *Eon-Net LP v. Flagstar Bancorp*, 249 Fed. Appx. 189, 197 (Fed. Cir. 2007).

## **LOCAL RULE 3.01(g) CERTIFICATION**

The undersigned certifies that counsel for Plaintiffs conferred with 1964 Ears' counsel in a good faith effort to resolve or narrow the issues presented in this Motion, but counsel were unable to agree upon the requested relief.

Dated: June 11, 2015

Respectfully submitted,

  s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 11, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

   s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*