UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY HARVEY AUDIO HOLDING, LLC,**
**and JERRY HARVEY AUDIO, LLC,**

          **Plaintiffs,**                        **Case No. 6:14-cv-02083-CEM-KRS**

     **v.**

**1964 EARS, LLC, and EASTERWOOD &**
**ASSOCIATES, LLC, d/b/a EARS 2 HEAR,**

          **Defendants.**

_____/

## DEFENDANT 1964 EARS, LLC'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR RULE 11 SANCTIONS

Pursuant to Local Rule 3.01(d), Defendant 1964 Ears, LLC ("Defendant") respectfully moves this Court for an order granting Defendant leave to file a 12-page reply in support of Defendant's Motion for Rule 11 Sanctions (Dkt. #67). Plaintiffs' opposition to Defendant's motion contains new law and new facts, which Defendant would like the opportunity to rebut. Granting this Motion will provide the Court with a more complete picture of the facts and law pertinent to the underlying motion, and will provide Defendant the opportunity to set the record straight.

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE A REPLY

A party may request leave to file a reply in support of a motion. Local Rule 3.01(d). "The purpose of a reply brief is to rebut any new law or facts contained in the oppositions [*sic*] response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July

13, 2011).

Plaintiffs' opposition to Defendant's Motion for Rule 11 Sanctions contains several new factual allegations necessitating rebuttal:

1.      Mr. Harvey's "physical hands-on inspection" of two accused devices (*see, e.g.*, Dkt. #72 at 2);

2.      Mr. Harvey's new characterization as an "expert" (*see, e.g.*, *id.* at 1);

3.      Mr. Harvey's review of "detailed photographs" and "technical descriptions" (*see, e.g.*, *id.* at 2);

4.      Knowles' manufacture of dual high frequency drivers in "a single unit" that purportedly means both parties' drivers are "positioned so that their oscillations interact to reduce harmonic distortion" and renders this limitation apparent via a "visual inspection" of the accused devices (*see, e.g.*, *id.* at 4);

5.      The alleged "same or substantially similar" nature of the parties' dual high frequency drivers (*see, e.g.*, *id.* at 3);

6.      The 2012 RMAF trade show and the 2013/2014 Japan trade shows, the nature of the devices on display at those shows, and what events transpired (*see, e.g.*, *id.* at 5); and

7.      The alleged meaning of "balanced" and "tuned" (*see, e.g.*, *id.* at 11).

Each of these new facts, and rebuttal of the same, are pertinent to whether Plaintiffs conducted a reasonable pre-filing investigation before filing this suit, the basis of Defendant's Motion for Rule 11 Sanctions.

Plaintiffs' opposition also includes the following new law, which necessitates rebuttal: *Arthrex, Inc. v. Parcus Med., LLC*, 2012 U.S. Dist. LEXIS 156870, *15 (M.D. Fla.

2012); *PPS Data, LLC v. Athenahealth, Inc.*, No. 3:11-cv-746-J-37TEM, 2012 WL 601208 (M.D. Fla. Feb. 23, 2012); *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1262 (Fed. Cir. 2008); and *KI Ventures, LLC v. Fry's Elecs., Inc.*, 579 Fed. Appx. 985, 990 (Fed. Cir. 2014).

Defendant expects that it will need 12 pages for its reply.  Owing to the new factual allegations, the reply will also need to be accompanied by a declaration from Defendant's CEO, Vitaliy Belonzhko, which Defendant expects will be no more than 7 pages.

For the reasons set forth above, Defendant respectfully requests that the Court grant Defendant leave to file a reply in support of Defendant's Motion for Rule 11 Sanctions.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)</u>

The undersigned certifies that counsel for Defendant has conferred with Plaintiffs' counsel in a good faith effort to resolve or narrow the issues presented in this Motion, but counsel were unable to agree upon the requested relief.

Dated this 16th day of June, 2015.

s/ Hillary A. Brooks_____
Hillary A. Brooks
*Admitted Pro Hac Vice*
Delfina S. Homen
*Admitted Pro Hac Vice*
MARGER JOHNSON &
McCOLLOM, P.C.
210 SW Morrison St., Ste. 400
Portland, OR 97204
(503) 222-3613
hillary.brooks@techlaw.com
delfina.homen@techlaw.com
*Lead trial counsel for Defendant,*
*1964 Ears, LLC*

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida  33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
*Local trial counsel for Defendant,*
*1964 Ears, LLC*

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 16, 2015, I filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:  **Daniel Ben Ravicher, Esquire**, Ravicher Law Firm, 2000 Ponce De Leon Blvd., Suite 600, Cora Gables, FL 33134, dan@ravicher.com.

s/ Delfina S. Homen_____
Hillary A. Brooks
*Admitted Pro Hac Vice*
Delfina S. Homen
*Admitted Pro Hac Vice*
MARGER JOHNSON &
McCOLLOM, P.C.
210 SW Morrison St., Ste. 400
Portland, OR 97204
(503) 222-3613
hillary.brooks@techlaw.com
delfina.homen@techlaw.com
*Lead trial counsel for Defendant,*
*1964 Ears, LLC*

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, Florida  33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
*Local trial counsel for Defendant,*
*1964 Ears, LLC*