## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**JERRY HARVEY AUDIO HOLDING, LLC,**
**and JERRY HARVEY AUDIO, LLC,**

                                      **Plaintiffs,**        **Case No. 6:14-cv-02083-CEM-KRS**

    **v.**

**1964 EARS, LLC, and EASTERWOOD &**
**ASSOCIATES, LLC, d/b/a EARS 2 HEAR,**

                                        **Defendants.**

## PLAINTIFFS' OPPOSITION TO DEFENDANT 1964 EARS, LLC'S MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS MOTION FOR RULE 11 SANCTIONS

        Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC, (collectively "JH Audio") hereby respond in opposition to Defendant 1964 Ears, LLC's ("1964 Ears") Motion for Leave to File a Reply In Support Of Defendant's Motion for Rule 11 Sanctions (Dkt. 77).

## MEMORANDUM OF LAW

        1964 Ears seeks leave to file a reply to support its motion for sanctions so that it can address supposedly "new" facts and law raised in JH Audio's opposition, but none of the facts or law raised in JH Audio's opposition are new, as JH Audio made 1964 Ears expressly aware of each fact before 1964 Ears filed its motion for sanctions and each case was decided before then, too. 1964 Ears chose to file its motion for sanctions without addressing those facts and cases and now seeks leave to file a reply to do so, but its choice to ignore those facts and cases does not make them "new." Further, there is no good cause for granting 1964 Ears request because 1964 Ears could have addressed those facts and cases in its motion, but decided not to do so. Granting 1964 Ears leave to file a reply to add new arguments and evidence in support of its

motion would also conflict with Rule 11's requirement that JH Audio be given 21 days notice of all bases for the motion before it is filed. 1964 Ears request to file a reply is an attempt to avoid that requirement. 1964 Ears' request also calls in to question whether it conferred in good faith to resolve issues raised in its motion as required by the Local Rules. Lastly, a reply would not help the Court resolve the motion because additional rebuttal argument based on a self-serving declaration can not show JH Audio's infringement allegations are "unequivocally" frivolous "with *no* factual or legal basis at all." 1964 Ears' motion for leave to reply should thus be denied.

"The purpose of a reply brief is to rebut any new law or facts contained in the oppositions response to a request for relief before the Court." *Tardif v. People for the Ethical Treatment of Animals*, 2011 U.S. Dist. LEXIS 75346, *5 (M.D. Fla. July 13, 2011) "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States*, 2013 U.S. Dist. LEXIS 105666, at *1 n.3 (M.D. Fla. July 29, 2013). "Moreover, the Court will not grant leave to file a reply brief unless the reply will benefit the Court's resolution of the pending motion." *Gadsby v. Am. Golf Corp. of Cal. & Golf Enters.*, 2014 U.S. Dist. LEXIS 152870, *38-39 (M.D. Fla. Oct. 8, 2014) (*citing Schumann v. Collier Anesthesia, P.A.*, 2014 U.S. Dist. LEXIS 39222, at *4 n.3 (M.D. Fla. Mar. 25, 2014)).

The Court should deny 1964 Ears' motion for leave to file a reply because there is no new law or facts to rebut, no good causes exits, and it will not help the Court resolve the motion.

First, before 1964 Ears filed its motion for sanctions, JH Audio provided it a draft opposition and supporting declaration substantially similar to those filed with the Court. JH Audio's counsel also conferred with 1964 Ears' counsel. In the draft opposition and during the conferral, JH Audio made 1964 Ears expressly aware of every supposedly "new" fact identified

in 1964 Ears' request for leave to file a reply, including that JH Audio had performed a hands-on inspection of accused devices prior to filing suit and that JH Audio was familiar with the source of and design of 1964 Ears' dual high frequency driver components. Despite this, 1964 Ears filed its motion with the Court without even mentioning or addressing those facts. That decision by 1964 Ears does not make the facts "new." Similarly, no case 1964 Ears wishes to address in reply was decided subsequent to the filing of its motion. Indeed, all but one were cited in the draft opposition provided by JH Audio. Again, 1964 Ears' choice to not address those cases does not make them "new." Thus, there are no "new" facts or law for 1964 Ears to address in reply.

Second, there is no good cause justifying 1964 Ears' request to file a reply because its failure to address the facts and law raised by JH Audio was its own decision. 1964 Ears knew in advance what JH Audio was going to argue in opposition to the motion for sanctions and yet chose not to address those arguments in its motion. Instead, 1964 Ears filed the motion and now seeks leave to reply so that it can, for the first time, provide a response. This is not good cause, which is 1964 Ears' burden to show exists. *McDonald*, 2013 U.S. Dist. LEXIS 105666, at *1 n.3.

There is also no good cause because 1964 Ears' request for leave to reply conflicts with Rule 11's requirement that parties be provided 21 days notice of the bases for a Rule 11 motion before it is filed. One can surmise the reason 1964 Ears did not revise its motion for sanctions after receiving the draft opposition from and conferring with JH Audio was that it would have to serve the revised motion on JH Audio and wait 21 days before filing it. *BCJJ, LLC v. Lefevre*, 2012 U.S. Dist. LEXIS 111122 (M.D.Fla. Aug 8, 2012). Indeed, during the conferral, counsel for 1964 Ears admitted her intent was to file the motion "without any more delay."[1]

---

1   This seems unduly burdensome to the Court, which already has pending before it 1964 Ears' motions for dismissal and transfer.

Rather than revise its motion to address JH Audio's opposition, 1964 Ears rushed to file its motion with the Court and now seeks leave to file a reply. In essence, 1964 Ears wants to amend its motion through the submission of a reply with additional argument and an additional declaration, none of which was provided to JH Audio before the motion was filed. This tactic is contrary to Rule 11's requirement that 21 days notice of the basis for a motion for sanctions be provided to parties before any such motion is filed. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions … must describe the specific conduct that allegedly violates Rule 11(b)"). This Court "strictly construes the procedural requirements of Rule 11." *Allison v. Parise*, 2013 U.S. Dist. LEXIS 121923 (M.D.Fla. Aug 27, 2013). As such, 1964 Ears' attempt to get around Rule 11's 21 days notice requirement by submitting a reply should be denied as an improper attempt to avoid the Rule's requirements.

There is also a question about 1964 Ears' compliance with Local Rule 3.01(g)'s requirement that it confer in good faith about motions before filing them with the Court. During the conferral, which took place days after JH Audio provided 1964 Ears with a draft opposition and supporting declaration, 1964 Ears did not provide any response to the "new" facts and law that it now asks the Court to permit it to address in a reply. Had 1964 Ears conferred in good faith, it would have informed JH Audio during the conferral of its position on those issues. JH Audio conferred in good faith, as shown by the fact that it provided a draft opposition and supporting declaration, and detailed the facts and law underlying its response to 1964 Ears' proposed motion. 1964 Ears did not substantively engage with JH Audio during the conferral on those arguments.[2] Yet it now seeks leave to reply. That is not good cause to support the request.

---

2   1964 Ears did not even confer in good faith regarding the issues identified in its motion, specifically the "testing" it argues conclusively proves JH Audio's allegations are frivolous. JH Audio's counsel asked repeatedly for details about the "testing," and 1964 Ears' counsel

Third, 1964 Ears' proposed reply will not benefit the Court's resolution of the motion for sanctions because it merely seeks to dispute various factual and legal arguments made by JH Audio in its opposition. Raising disputes, however, is not sufficient to "unequivocally" show that JH Audio violated Rule 11 and had "no basis in law or fact" for its allegations that 1964 Ears infringes its patent. *Carter v ALK Holdings, Inc.*, 605 F.3d 1319, 1323 (Fed. Cir. 2010). Even if 1964 Ears' reply could potentially raise doubts about JH Audio's allegations, "[a]ll doubts as to whether Rule 11 has been violated should be resolved in favor of the party who signed the pleading." *Great Lakes Reinsurance (UK) PLC v. Blue Sea, LLC*, 2006 U.S. Dist. LEXIS 59834, *9 (M.D. Fla. Aug. 24, 2006) (*citing McMahan Secs. Co., L.P. v. FB Foods, Inc.*, 2006 U.S. Dist. LEXIS 51741, *2 (M.D. Fla. July 27, 2006)).

Further, with respect to the proposed additional declaration by 1964 Ears' CEO that would be seven times longer than the declaration he previously submitted in support of the motion (the previous declaration was one page of text (Dkt. 68), 1964 Ears now seeks leave to file a seven page declaration), a self-serving affidavit of a defendant disputing infringement does not "cast doubt on the reasonableness of Plaintiff's reliance on Defendant's public statements," which JH Audio did here. *PPS Data, LLC v. Athenahealth, Inc.*, 2012 U.S. Dist. LEXIS 22587, *3-6 (M.D. Fla. 2012). Thus, nothing 1964 Ears' CEO could say in a new declaration would be relevant to the issue raised in the motion. In addition, to permit 1964 Ears to introduce new testimony now, that JH Audio has never received and never reviewed, would, again, conflict with Rule 11's requirements that JH Audio be provided 21 days notice of the bases for 1964 Ears' motion for sanctions. Fed. R. Civ. P. 11(c)(2).

For these reasons, JH Audio respectfully requests that the Court deny Defendant 1964

---

repeatedly refused to provide any response whatsoever.

Ear's Motion for Leave to File A Reply In Support of Its Motion For Rule 11 Sanctions.

Dated: June 22, 2015                              Respectfully submitted,

                                                    s/*Daniel B. Ravicher*
                                                   Daniel B. Ravicher
                                                   Florida Bar No. 102809
                                                   RAVICHER LAW FIRM
                                                   2000 Ponce De Leon Blvd., Ste 600
                                                   Coral Gables, FL 33134-4422
                                                   Telephone: (786) 505-1205
                                                   E-Mail: dan@ravicher.com

                                                   *Counsel for Plaintiffs Jerry Harvey Audio*
                                                   *Holding, LLC, and Jerry Harvey Audio, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 22, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

        <u>s/Daniel B. Ravicher</u>
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*

- 7 -