UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY HARVEY AUDIO HOLDING, LLC,**
**and JERRY HARVEY AUDIO, LLC,**

              **Plaintiffs,**                        **Case No. 6:14-cv-02083-CEM-KRS**

    **v.**

**1964 EARS, LLC, and EASTERWOOD &**
**ASSOCIATES, LLC, d/b/a EARS 2 HEAR,**

              **Defendants.**

                                        /

## <u>DEFENDANT 1964 EARS, LLC'S RESPONSE TO NOTICE OF VOLUNTARY DISMISSAL</u>

Defendant 1964 Ears, LLC, an Oregon limited liability company ("Defendant"), presents the following Response to Plaintiffs Jerry Harvey Audio Holding, LLC's and Jerry Harvey Audio, LLC's ("Plaintiffs") May 6, 2019 filing captioned "Notice of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(i)" (Dkt. #42).

**A. Procedural Background**

This case involves a single claim for patent infringement of U.S. Pat. No. 8,897,463 ("the '463 patent"). The original complaint was filed on December 19, 2014, but service was not effective until January 23, 2015, when Plaintiffs filed the waiver of service. (Dkt. #1, Dkt. #6.) Defendant timely filed a motion to dismiss for lack of personal jurisdiction or alternatively to transfer venue on February 26, 2015. (Dkt. #1, Dkt. #15.) Defendant was required to file this motion prior to filing an answer. *See* Fed. R. Civ. P. 12(b).

1

Rather than file an opposition to the motion to dismiss, on March 3, 2015, Plaintiffs sought an extension of time until March 26, 2015 to respond to the motion to dismiss.  (Dkt. #20.)  On March 4, 2015, the day after filing the extension of time, Plaintiffs filed a First Amended Complaint (FAC) and a Motion for Preliminary Injunction.  (Dkt. #22, Dkt. #23.)  Plaintiffs did not indicate these filings would be forthcoming during conferral on the motion to extend time to respond to the motion to dismiss.  Because the filing of the FAC mooted Defendant's original motion to dismiss, Defendant prepared and timely filed new motions to dismiss or transfer venue on March 23, 2015.  (Dkt. #34, Dkt. #35.)  Again, Defendant was required to file these motions prior to filing an answer.  *See* Fed. R. Civ. P. 12(b).  Defendant simultaneously filed a motion to stay and extend time to respond to the motion for preliminary injunction, citing the need for the Court to first determine whether it had personal jurisdiction over Defendant. (Dkt. #33.)

On March 26, 2015, the day Plaintiffs' requested extension of time expired, Plaintiffs filed a motion for temporary restraining order (TRO), seeking to entirely shut down Defendant's business.  (Dkt. #37.)  The timing of the motion for TRO suggested that Plaintiffs and their counsel used the requested extension of time to respond to the motion to dismiss to instead prepare and file the motion for TRO.  Defendant filed an opposition to the TRO the next day, and the Court denied the TRO on April 3, 2015, citing Plaintiffs' delay in seeking the TRO.  (Dkt. #42, Dkt. #49.)  In the Order denying the TRO, the Court also ordered Plaintiffs to respond to Defendant's motions to dismiss or transfer venue on or before May 3, 2015.  (Dkt. #49.)

Plaintiffs filed their oppositions to the motions to dismiss or transfer on May 3, 2015.

(Dkt. #57, Dkt. #58.)  However, the Court did not rule on the motions for nearly a year; in fact, under Local Rule 3.01(h), Defendants were required to, and did, file multiple notices to the Court of the undecided status of the motions to dismiss and transfer venue, including on November 9, 2015 (Dkt. #85, Dkt. #86), on December 10, 2015 (Dkt. #87, Dkt. #88), and on January 11, 2016 (Dkt. #91, Dkt. #92).

By operation of statute, Defendant was required to file a petition for *inter partes* review (IPR) of the '463 patent no later than January 23, 2016, one year from the date the waiver of service was filed, or be time barred from filing an IPR.  *See* 35 U.S.C. § 315(b); Fed. R. Civ. P. 4(d)(4); *Motorola Mobility LLC v. Patent of Michael Arnouse*, Case IPR2013-00010, Paper 20, at 6 (PTAB Jan. 30, 2013) (informative) ("[I]n the situation where the petitioner waives service of a summons, the one-year time period begins on the date on which such a waiver is filed.").  Defendant filed its petition for IPR of the '463 patent on January 21, 2016, and filed a motion to stay this litigation pending final resolution of the IPR on January 26, 2016.  (Dkt. #97, Dkt. #98-1, Dkt. #98-3.)  Because the Court had not yet ruled on Defendant's motions to dismiss or transfer, Defendant's answer was not yet due by the time Defendant filed the IPR petition and moved to stay the litigation.

On March 28, 2016, this Court issued an Order denying Defendant's motions to dismiss or transfer, but granting Defendant's motion to stay the litigation pending resolution of the IPR, subject only to possibly re-opening the matter based on its ruling on the motion for preliminary injunction, which was not fully briefed at that time.  (Dkt. #109 at 19-20.) Plaintiffs withdrew the motion for preliminary injunction after it was fully briefed.  (Dkt. #128.)  Because the Court never ruled on the withdrawn motion for preliminary injunction,

this case has been stayed pending final resolution of the IPR since March 28, 2016, and was still stayed on May 6, 2019, when Plaintiffs filed the purported Notice of Voluntary Dismissal. Defendant's time to answer thus never come to pass.

The PTAB instituted IPR on all 16 claims of the '463 patent on July 20, 2016. (Dkt. #127-1.) On July 19, 2017, the PTAB issued a Final Written Decision finding all 16 claims of the '463 patent unpatentable as obvious. (Dkt. #135-1.) Plaintiff Jerry Harvey Audio Holding, LLC ("Patent Owner") requested rehearing on August 18, 2017, which was denied on October 10, 2017. (Dkt. #136 at 2.) Patent Owner then appealed the Final Written Decision to the United States Court of Appeals for the Federal Circuit on December 12, 2017. (*Id.*)

On February 20, 2019, the Federal Circuit issued its judgment, affirming the PTAB's final written decision finding all 16 claims unpatentable. (Dkt. #141-1.) Patent Owner petitioned for rehearing *en banc* on March 22, 2019. The Federal Circuit denied both panel rehearing and *en banc* rehearing on April 24, 2019, and issued its Mandate in the appeal on May 1, 2019. (Homen Dec. Ex. 1-2.) Pursuant to Supreme Court Rule 13, Patent Owner has until May 21, 2019, to petition the Supreme Court for cert. Both Patent Owner and its counsel have suggested that Patent Owner will petition for cert. (Homen Dec. Ex. 3-4.)

The PTAB has not issued a certificate canceling the '463 patent's claims. *See* 37 C.F.R. § 42.80.

## B. Argument

Plaintiffs did not move to lift the stay before filing the purported dismissal, and the purported dismissal does not itself include a request to lift the stay nor any argument in

support of lifting the stay.  For this reason alone, the voluntary dismissal, filed while the case was stayed, should be disregarded.  *Cf. Warren v. Hilton*, No. CV 2:13-00084-KD-M, 2014 WL 12616812, at *1-2 (S.D. Ala. May 12, 2014) (examining whether stay of litigation should be lifted *before* determining whether purported notice of voluntary dismissal under Rule 41(a)(1)(A)(i) was effective).

In *Warren*, the Southern District of Alabama construed a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) filed while the suit was stayed as a motion to lift the stay and for voluntary dismissal.  *Warren*, 2014 WL 12616812, at *1.  *Warren*, of course, is not binding precedent on this Court.  However, to the extent that this Court finds *Warren* persuasive, *Warren* went on to "determine whether the stay is applicable and whether dismissal with prejudice is not inconsistent with the terms of the stay." *Id.*

The purpose of the stay in this case was to allow the issue of validity to be completely and finally decided through the IPR process.  (*See* Dkt. #109 at 19 (granting the stay because "the PTO's decision could entirely eliminate the need for this litigation").)  Although the PTAB found all claims unpatentable in July of 2017, owing to Patent Owner's multiple rehearing requests and appeal, and the fact that Patent Owner can still petition the Supreme Court for cert and has suggested it will do so, the issue of validity has not been completely and finally decided through the IPR process.  Accordingly, the purpose of the stay in this litigation has not been met, making a lift of the stay at this time improper, and dismissal without prejudice inconsistent with the terms of the stay.

This Court's decision in *Alps S., LLC v. Ohio Willow Wood Co.*, No. 8:08-CV-1893-T-33MAP, 2011 WL 2784172 (M.D. Fla. July 15, 2011) is instructive.  *Alps* was a patent

infringement litigation stayed pending reexamination of the asserted patents.  The Court granted a motion to lift stay after the reexamination was complete, the certificates on the patents had issued, and the prosecution on the merits of the patents was closed, such that "[t]he purpose of the stay has been satisfied."  *Id.* at *2.

Unlike *Alps*, the IPR for which this litigation was stayed is *not* complete, the certificate canceling the '463 patent's claims has *not* issued, and Patent Owner and its counsel have suggested Patent Owner will further appeal the Board's finding that all 16 claims are unpatentable.  Thus, the purpose of the stay in *this* case—to allow the issue of validity to be completely and finally decided through the IPR process—has not been met. The stay was still in place on May 6, 2019, when Plaintiffs filed the purported dismissal, and is still in place now, making the purported dismissal inconsistent with the terms of the stay. *Cf. Alps*, 2011 WL 2784172, at *2; *Warren*, 2014 WL 12616812, at *1.

Defendant has not heard anything from Plaintiffs or their counsel since March 5, 2019, when Patent Owner declined to stipulate to costs in the Federal Circuit appeal because the time for requesting rehearing and petitioning for cert had not yet passed.[1]  (Homen Dec. Ex. 4.)  The parties did not settle this litigation, nor did they settle any of their other pending disputes.  The attempted dismissal is accordingly not a result of any settlement between the parties.  *Cf. Warren*, 2014 WL 12616812, at *2 (noting, as further reason for lifting the stay and dismissing the action that the litigation had been settled and the actions requested in the

---

[1] The Practice Notes to Fed. Cir. R. 39 encourage parties to stipulate to costs.  Although Patent Owner declined to stipulate to Defendant's modest costs in the appeal, Patent Owner ultimately did not contest Defendant's bill of costs, and the Federal Circuit awarded Defendant its costs in the Mandate.  (Homen Dec. Ex. 2.)

notice of dismissal were pursuant to settlement).

Defendant, of course, is not privy to Plaintiffs' motives behind the purported dismissal. However, Plaintiffs may erroneously believe that voluntarily dismissing this suit before Defendant has had any opportunity to answer will prevent Defendant from being considered a "prevailing party" under 35 U.S.C. § 285, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."[2] A less superficial reading of the authorities on exceptional case awards demonstrates that this belief is legally incorrect, particularly under the circumstances here where the Federal Circuit has placed its judicial imprimatur on the matter by affirming the unpatentability of the claims.[3]

Regardless, the purpose of voluntary dismissal is "to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." *Armstrong v. Frostie Co.*, 453 F.2d 914, 916 (4th Cir. 1971). That is not this case. It is *not* the early stages of this suit, and Defendant has expended *significant* time, effort, and money invalidating the '463 patent. Because the '463 patent is invalid, it cannot be infringed, which is the only claim in this lawsuit. *See Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1929 (2015) ("[I]f, at the end of the day, an act that would have been an infringement . . . pertains to a patent that is shown to be invalid, there is no patent to be infringed . . . [and] there is no liability.").

---

[2] Notably, 28 U.S.C. § 1927, which allows a defendant to seek fees against a plaintiff's counsel for counsel's unreasonable and vexatious conduct in the litigation, has no "prevailing party" requirement.

[3] Defendant will provide full briefing of this issue in its forthcoming Rule 54 motion. Note too Defendant's still-pending Rule 11 motion, discussed in Defendant's Notice to the Court re: Undecided Motion for Rule 11 Sanctions, filed concurrently herewith.

The only difference between this case and a patent infringement suit where IPR is not pursued is that the significant time, effort, and money Defendant expended in invalidating the '463 patent was expended outside of this Court, in a specialized administrative tribunal tasked by Congress to make such determinations and before the appellate court tasked with review of patent invalidity.  This case is not in its infancy, it is a case near the end of the road, though not there until the deadline for petitioning for cert passes; only Patent Owner knows if it will or will not petition for cert.  Allowing Plaintiffs to dismiss without prejudice in these circumstances, despite a stay being in place and the conditions of the stay not having been met, would violate public policy and greatly prejudice Defendant.

Further, the fact that no answer is on file is through no fault of Defendant.  Under Rule 12(b)(6), Defendant was required to move to dismiss and transfer *before* filing an answer.  The motion to dismiss and transfer could have been determined much sooner, had Plaintiff not mooted the original motion by filing an amended complaint, and had Plaintiff not amplified the proceedings by filing the motion for preliminary injunction, which it later withdrew, and the motion for TRO, which the Court denied in part owing to Plaintiffs' delay in bringing the motion.  By the time the Court did rule on the motions to dismiss and transfer, the IPR was already on file, as required by 35 U.S.C. § 315(b); the Court stayed the suit pending resolution of the IPR in the same order in which it denied the motions to dismiss and transfer.  Defendant never had an opportunity to file an answer in this suit.

Therefore, if the Court decides to lift stay even though Plaintiffs did not move to lift stay and the conditions of the stay have not been met, Defendant respectfully requests that the Court accept entry of Defendant's Answer, filed concurrently herewith, before

considering Plaintiffs' dismissal.  Plaintiffs' gamesmanship should not be countenanced by allowing Plaintiffs to lose every substantive battle then attempt to avoid imposition of sanctions by dismissing out of turn and without prejudice.

Dated this 13th day of May, 2019.

s/ Hillary A. Brooks_____
Hillary A. Brooks
*Admitted Pro Hac Vice*
Delfina S. Homen
*Admitted Pro Hac Vice*
BROOKS QUINN, LLC
6513 132nd Ave. NE #378
Kirkland, WA 98033
(503) 629-1559
hillary@brooksquinn.com
delfina@brooksquinn.com
*Lead trial counsel for Defendant,*
*1964 Ears, LLC*

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
Catherine F. Yant
Florida Bar No. 104852
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, FL 33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
cyant@feejeffries.com
*Local trial counsel for Defendant,*
*1964 Ears, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 13, 2019, I filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Delfina S. Homen_____
Hillary A. Brooks
*Admitted Pro Hac Vice*
Delfina S. Homen
*Admitted Pro Hac Vice*
BROOKS QUINN, LLC
6513 132nd Ave. NE #378
Kirkland, WA 98033
(503) 629-1559
hillary@brooksquinn.com
delfina@brooksquinn.com
*Lead trial counsel for Defendant,*
*1964 Ears, LLC*

Richard E. Fee
Florida Bar No. 813680
Kathleen M. Wade
Florida Bar No. 127965
Catherine F. Yant
Florida Bar No. 104852
FEE & JEFFRIES, P.A.
1227 N. Franklin Street
Tampa, FL 33602
(813) 229-8008
rfee@feejeffries.com
kwade@feejeffries.com
cyant@feejeffries.com
*Local trial counsel for Defendant,*
*1964 Ears, LLC*