UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JERRY HARVEY AUDIO HOLDING, LLC,**
**and JERRY HARVEY AUDIO, LLC,**

          **Plaintiffs,**    **Case No. 6:14-cv-02083-CEM-DCI**

 **v.**

**1964 EARS, LLC, and EASTERWOOD &**
**ASSOCIATES, LLC, d/b/a EARS 2 HEAR,**

          **Defendants.**

---

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND COSTS

 Pursuant to Local Rule 3.01, Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC, (collectively "JH Audio") hereby respond in opposition to Defendant 1964 Ears, LLC's ("1964") Motion for Fees and Costs (Dkt. 147).

### MEMORANDUM OF LAW

I.  **FACTS**

 A.  **JH Audio And 1964 Compete In The High-End IEM Market**

 JH Audio designs, manufactures, and sells various personal audio listening device products, including in-ear monitors ("IEMs"). Dkt. 24, ¶ 3. The individuals at JH Audio, including its founder, Jerry Harvey, have over 20 years of experience in designing and building IEMs for the world's leading musicians, including U2, Madonna, Justin Timberlake, Maroon 5, Aerosmith, Guns N' Roses, Lady Gaga, Alicia Keys, Garth Brooks, Mick Jagger and others. *Id*. 1964 is a competitor of JH Audio in the small, niche market for high-end, professional IEMs. *Id*., ¶ 43.

 B.  **1964 Intended To Copy JH Audio's Patented Products**

 This dispute began with 1964's CEO, Vitaliy Belonozhko, visiting JH Audio's booth at a trade show in 2012, where he closely inspected JH Audio's newest IEM and proceeded to tell Jerry

Harvey that he could copy it. Dkt. 73, ¶ 9. Mr. Harvey informed Mr. Belonozhko that he had patents pending on the product, *id.*, but Mr. Belonozhko was undeterred and, in time, began selling discounted copies of JH Audio's products. Dkt. 24, ¶ 46-47 ("1964 is offering competing infringing products at prices 22% to 58% lower than JH Audio's patented products"). 1964's conduct threatened the livelihood of the small team of employees who design and manufacture JH Audio's products from its downtown Orlando offices. Dkt. 59, ¶ 3 ("JH Audio is a small Florida based business with about forty employees, all of whom live in Florida"); Dkt. 24, ¶ 51 ("A loss of even a small number of sales could force JH Audio to lay off employees.").

### C.     JH Audio Performed A Pre-Suit Investigation

Prior to the filing any case against 1964, JH Audio performed a detailed and complete analysis of infringement of its patents by 1964's products. Details of this analysis for the patent asserted in this case are provided in Mr. Harvey's declaration opposing 1964's Motion for Rule 11 Sanctions. Dkt. 73. In short, as the sole named inventor of the patent, Mr. Harvey is intimately familiar with it and its claims. *Id.*, ¶ 3. In analyzing infringement of his patent by 1964, Mr. Harvey reviewed detailed photographs, technical descriptions and other information about the accused devices. *Id.*, ¶ 6. Mr. Harvey also relied on his hands-on inspection of two of the accused products that were available to him at trade shows. *Id.*, ¶ 7. Mr. Harvey performed an element-by-element comparison of the patent-in-suit's claims to the accused devices as set forth in his declaration supporting the Motion for Preliminary Injunction. Dkt 24.

1964 mentions in its motion for fees that, "Defendant's testing demonstrated the accused devices did not meet the reduced distortion limitation." Mot., 21. As JH Audio explained in its Opposition to 1964's Motion for Rule 11 Sanctions, Dkt. 72, 2, the "reduced distortion" element of the patent's claims relates to how drivers in the accused infringing IEMs are "positioned." Thus,

no testing is required (or even relevant) to conclude that the accused infringing IEMs have drivers "positioned" in the way claimed by JH Audio's patent. Merely looking at the figures of the patent-in-suit and comparing them to 1964's accused infringing devices, as Mr. Harvey did, shows that the drivers in each are positioned in exactly the same way. 1964 also failed, and continues to fail, to provide any details whatsoever about its supposed "testing," no data, no explanation, nothing. Such a naked self-serving assertion should be disregarded.

### D.  1964 Never Answered The Complaint; Filed An IPR, Instead

More than a year after commencement, and with only two days left to do so, 1964 filed an administrative challenge to JH Audio's patent using a process known as Inter Partes Review (IPR). Filing IPRs after being sued for patent infringement is common for two reasons. First, it often delays the related district court case, which, as in this case, gets stayed pending the outcome of the IPR. Second, and more importantly, as the Supreme Court has noted, the "burden of proof in inter partes review is different than in the district courts: In inter partes review, the challenger (or the Patent Office) must establish unpatentability 'by a preponderance of the evidence'; in district court, a challenger must prove invalidity by 'clear and convincing evidence.'" *Cuozzo Speed Techs., LLC v. Lee*, 136 S. Ct. 2131, 2144 (2016) (comparing 35 U.S.C. § 316(e) with *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011)).

Indeed, roughly 80% of all IPRs are filed by defendants sued in district court for infringing the challenged patent and roughly 69% of all IPR final decisions find all claims of the challenged patent invalid.[1] Like the majority of IPRs, all claims of the patent in this case were unfortunately

---

[1] See *Patexia Chart 44: Eighty Percent of IPR Filings are for Defensive Purposes*, available at https://www.patexia.com/feed/patexia-chart-44-80-percent-of-ipr-filings-are-for-defensive-purposes-20171107 (November 8, 2017); see also *Are more than 90 percent of patents challenged at the PTAB defective?*, available at https://www.ipwatchdog.com/2017/06/14/90-percent-patents-challenged-ptab-defective/id=84343/ (June 14, 2017).

held invalid by the Patent Office. JH Audio appealed, but the Court of Appeals affirmed the Patent

Office's decision, as it does in the vast majority of IPR appeals. See *Fed. Circ. Patent Decisions*

*In 2018: An Empirical Review*, Law360 (Jan. 3, 2019) ("The Federal Circuit … affirmance rate in

appeals from IPRs, [is] 77 percent.").

###### E.      JH Audio Filed A Second Case Asserting Additional Patents

During the pendency of this case, 1964 continued to infringe.  Therefore, JH Audio filed a

second patent infringement lawsuit against 1964 in 2016 asserting three additional JH Audio

patents. See *Jerry Harvey Audio Holding, LLC, et al., v. 1964 Ears, LLC (WA), et al.*, 6:16-cv-

00409 (M.D. Fla. March 9, 2016), Dkt. 1 ("the 2016 case"). The Complaint in the 2016 case laid

out a detailed element-by-element comparison of the three patents' claims to the accused devices

and included detailed photographs, technical descriptions and other information about the accused

devices to support its infringement allegations.

###### F.      1964 Again Filed IPRs, But Failed To Invalidate All Claims

As it had with the patent in this case, 1964 filed IPRs against the three additional patents

asserted in the 2016 case, this time waiting until the very last possible day to do so. However,

unlike its first IPR, the three IPRs of the patents in the second case did not result successfully for

1964 because the Patent Office did not find all of the claims of all three JH Audio patents invalid.

Rather, as 1964 admits in its motion, the Patent Office found that 1964 only proved all of the claims

in one of the three patents invalid. For the other two patents, the Patent Office held 1964 failed to

prove all of their claims invalid. 1964 even admits that one of the claims the Patent Office held not

proven invalid was specifically identified by JH Audio as a claim infringed by 1964. Mot., 11, 13.

Because a patent holder need only prove one claim of one patent is infringed to win a patent

infringement case, 1964 still faces the same amount of infringement liability from the patents in

the 2016 case as it did before its IPRs. *Bio-Technology General Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1561 n.8 (Fed. Cir. 1996) ("Infringement of one valid and enforceable patent claim is all that is required for liability to arise.") To be successful, 1964 had to prove all claims of all patents invalid. It failed to do so.

JH Audio considered asking the Court to lift the stay of the 2016 case to proceed on the surviving claim, but ultimately chose not to do so. This resulted in less burden on the Court and does not prejudice JH Audio, who can still pursue 1964 for infringing that claim after appealing the portions of the IPR decisions adverse to its other claims.

Notably, because 1964 filed an IPR against the three patents asserted in the 2016 case, it is now estopped from challenging the claims of those patents in district court on any ground it "raised or reasonably could have raised" in the IPRs. 35 U.S.C. § 315(e)(2). This estoppel will provide JH Audio a substantial advantage when pursuing 1964 for infringing those claims.

### G.     Plaintiff Voluntarily Dismissed Both This Case And The 2016 Case

On May 6, Plaintiff submitted Notices of Voluntary Dismissal under Rule 41(a)(1)(A)(i) in both this case and the 2016 case. Dkt. 142. Those Notices were effective upon filing. *F4W, Inc. v. Tracstar Sys.*, No. 6:12-cv-1539-Orl-28KRS, 2015 U.S. Dist. LEXIS 186283, at *12-13 (M.D. Fla. Apr. 3, 2015) (*citing Johnson v. Pringle Dev., Inc.*, No. 5:05-cv-37-Oc-10GRJ, 2006 U.S. Dist. LEXIS 53103, at *2 (M.D. Fla. Aug. 1, 2006)). 1964 argues they were ineffective because the cases were stayed, Dkt. 143, but no authority supports that position. The Rule could not be clearer that notice under Rule 41(a)(1) results in immediate dismissal without any action by the Court.

### H.     At The Time The Cases Were Dismissed, The Patents Were Still In Force

At the time JH Audio submitted its Notices of Voluntary Dismissal, the asserted patents had not (and still have not) been cancelled by the Patent Office. Unless and until that happens, the

patents remain in force. 35 U.S.C. § 318(b). For the patent in this case, JH Audio has until July 23

to seek Supreme Court review. For the patents in the 2016 case, JH Audio has until June 4 to appeal.

## II.    ARGUMENT

1964 moves for an award of its fees and costs under (i) 35 U.S.C. § 285, (ii) 28 U.S.C. §

1927, and (iii) the Court's inherent authority. The motion should be denied because fees under 285

are unjustified both because 1964 was not a "prevailing party" and because this case was not

exceptional, fees under 1927 are unjustified because JH Audio's counsel did not unreasonably or

vexatiously multiply the proceedings, and fees under the Court's inherent power are unjustified

because JH Audio did not litigate this case in bad faith.

JH Audio notes that 1964 filed nearly identical motions for fees and costs in this case and

the 2016 case. In the motions, 1964 discusses the two cases and the four related IPRs all together

as one, an implicit suggestion that circumstances from all six matters should be considered together

in deciding the motions. JH Audio does not disagree with that suggestion.

### A.    A Fee Award Under 35 U.S.C. § 285 Is Not Appropriate

35 U.S.C. § 285 authorizes a court to award reasonable attorneys' fees to a "prevailing

party" in "exceptional cases." Here, 1964 is neither a "prevailing party," nor was this case

"exceptional." Thus, 1964's motion for fees under § 285 should be denied.

### i.    1964 Is Not The Prevailing Party

Determining a "prevailing party" under § 285 is a matter unique to patent law and thus

Federal Circuit precedent controls. *RFR Indus. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed.

Cir. 2007). The Federal Circuit specifically held in *RFR* with respect to § 285 that, "a plaintiff's

voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow 'prevailing

party' status upon the defendant." *Id*. Thus, under the Federal Circuit's clear holding in *RFR*,

because JH Audio dismissed this case and the 2016 case under Rule 41(a)(1)(A)(i)[2], 1964 cannot be a prevailing party.

To be sure, when this case and the 2016 case were dismissed, the asserted patents had not been (and still have not been) cancelled. JH Audio can still seek Supreme Court review of the Patent Office's decision with respect to the patent in this case and Court of Appeals review of the Patent Office's decisions with respect to the three patents in the 2016 case. Thus, there was no change in the legal relationship between the parties as of the date this case and the 2016 case were dismissed. JH Audio could have, and still today could, refile patent infringement claims against 1964 asserting the same patents. It may be true that in the future two of the four asserted patents may be cancelled by the Patent Office, but the future is not the relevant time period for determining whether 1964 was a prevailing party here. The relevant date is May 6, when this case and the 2016 case were dismissed. On that date, 1964 was not a prevailing party.

1964 argues *Sweepstakes Patent Co. v. Chase Burns*, No. 6:14-cv-151-Orl-22KRS, 2015 U.S. Dist. LEXIS 175691 (M.D. Fla. Nov. 24, 2015), creates an exception to the Federal Circuit's clear holding in *RFR*, but there the dismissal without prejudice was a result of the Court granting defendant's motion to dismiss, not a Rule 41(a)(1)(A)(i) Notice of Voluntary Dismissal. Thus, in *Sweepstakes* there was a "judicial sanction," as a result of the Court's dismissal. Here, there is no "judicial sanction" because dismissal under Rule 41(a)(1)(A)(i) required no court action.

Further, the Court noted in *Sweepstakes* that only if the dismissal without prejudice is "tantamount to a dismissal with prejudice" can the defendant be considered a prevailing party, and the only circumstance where that was found to occur was when the dismissal resulted in a loss of entitlement to some damages due to the Patent Act's six year statute of limitations. That loss of

---

[2] There is no material difference between Rule 41(a)(1)(i) in *RFR* and Rule 41(a)(1)(A)(i) here.

entitlement to some damages is a change in the legal relationship between the parties, rending the defendant a prevailing party. Here, by contrast, the asserted patents were issued in October 2013, November 2014, and January and November 2015, meaning that as of May 6, 2019, there was no loss of any right to seek damages. Thus, 1964 is not a prevailing party even under *Sweepstakes*.

Lastly, as discussed above, 1964 has failed to prove all of the claims of the asserted patents invalid. In only two of the IPRs has the Patent Office held all of the claims of the patents invalid (and neither of those decisions are yet final due to JH Audio's right to seek further review). In the two other IPRs, the Patent Office found that 1964 failed to prove all of the claims invalid, including one of the claims identified in JH Audio's infringement contentions as being infringed by 1964's products. Thus, because a patent holder need only prove one claim of one patent infringed to win a patent infringement case, *Bio-Technology General Corp.*, 80 F.3d at 1561 n.8, 1964 still faces the same infringement liability as it did before its IPRs. To be a prevailing party, 1964 would have to prove all claims of all patents invalid. It has not done so and thus is not a prevailing party.

1964 acknowledges the weakness of its positions on this issue when it resorts to arguing public policy should justify conferring prevailing party status on it. Mot., 19. But neither the statute nor any case supports considering public policy in determining whether 1964 is a prevailing party under § 285. Even if public policy were relevant, it is 1964's own fault for not having already filed an answer or motion for summary judgment in either this case or the 2016 case. It could easily have done so at any point throughout the nearly five years that these combined cases have been pending. Thus, it knew all along that JH Audio could dismiss these cases under Rule 41(a)(1)(a) voluntarily. If 1964 did not want JH Audio to have that ability, it could have filed an answer or moved for summary judgment. It never did and should not be heard to complain about the result.

### ii.    This Case Was Not Exceptional

An "exceptional case" is one that "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). While district courts are to apply a "totality of the circumstances" test to determine whether a case is exceptional, *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744 (2014), there are a couple guidelines the Supreme Court and Federal Circuit have established for such motions.

First, there is a "presumption that an assertion of infringement of a duly granted patent is made in good faith." *Checkpoint Sys., Inc. v. All-Tag Sec. S.A.*, 858 F.3d 1371, 1376 (Fed. Cir. 2017) (internal quotation marks and citation omitted). "Having been issued a valid patent, [JH Audio is] entitled to a presumption of good faith in asserting its patent rights against [1964]." *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018).

Second, "the conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry, including the conduct of the movant." *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015)). In particular, a party's "failure to provide early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior" supports finding the case is not exceptional. *Stone Basket*, 892 F.3d at 1180. This is because, a "party cannot simply hide under a rock, quietly documenting all the ways it's been wronged, so that it can march out its 'parade of horribles' after all is said and done." *Id*.

Here, 1964 failed to provide JH Audio "early, focused, and supported notice of its belief that it was being subjected to exceptional litigation behavior." Indeed, other than its Rule 11 motion, 1964 never complained to the Court, the Patent Office, or the Court of Appeals about JH Audio's conduct. Rather, 1964 has done exactly what the Federal Circuit expressly said should not be done,

it has now at the end marched out its "parade of horribles" in the hopes of being awarded fees. *Id*. 1964's failure to provide notice justifies finding this case not exceptional. Additionally, because much of the conduct complained of by 1964 occurred in the IPRs or the appeal, and 1964 never made any motion for sanctions in any of those proceedings, the Court should decline the invitation to litigate the appropriateness of that conduct that occurred before other tribunals.

Third, the Supreme Court in *Octane* said that "a district court may award fees in the *rare case* in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." 572 U.S. at 555 (emphasis added). Thus, while it is possible to find a case "exceptional" in the absence of independently sanctionable conduct, such cases will be "rare." *Id*. Here, as explained below, none of the conduct identified by 1964 is independently sanctionable, nor does it make this the "rare case" that is "so exceptional" that an award of fees is justified.

### a) The Circumstances Identified by 1964 Do Not Render This Case Exceptional

None of the circumstances discussed by 1964 in its motion make this case exceptional.

*Merits of JH Audio's Case*

1964 argues this case is exceptional because of "the substantive strength of Plaintiffs' infringement claims." Mot., 21. The only infringement issue identified by 1964 as being weak, however, relates to the claim limitation mentioning reduced distortion. But, as discussed above, that claim limitation is focused on the positioning of two drivers with respect to one another, something that can be easily seen with the naked eye. 1964's assertion that it performed "testing" to disprove the way the drivers were positioned is irrelevant (and void of substance because 1964 never provided any evidence documenting the "testing"). Merely looking at the figures of the patent show what is meant by the claimed positioning and comparing those figures to 1964's

accused infringing devices shows they are positioned in exactly the same way. Thus, the merits of JH Audio's infringement allegations in this case were not exceptionally weak, or even weak at all.

1964 makes no specific allegation regarding what was weak about JH Audio's claims in the 2016 case. All 1964 states is that it "provided several reasons why the accused devices did not infringe" in its non-infringement contentions. Mot., 10. [3] But JH Audio showed how the accused products infringe the asserted patents in the complaint and infringement contentions in that case, and the Court never analyzed the issue of infringement. Thus, 1964 has not shown how JH Audio's infringement allegations in the 2016 case were weak, much less exceptionally weak.

In *Stone Basket*, the Federal Circuit affirmed a district court's denial of a motion for fees because the defendant did nothing after serving invalidity contentions to "ensure a rapid termination of the instant litigation." 892 F.3d at 1180-81. The Federal Circuit approved the district court's denial of fees when the defendant, after serving contentions, failed to (i) inform the patent holder that it believed the lawsuit to be frivolous or unfounded or (ii) demand that the patentee drop the lawsuit. *Id*. Here, 1964 similarly did neither of these things after serving its contentions.

*Reasonable Pre-Suit Investigation*

JH Audio responded to 1964's accusation that it failed to perform a reasonable pre-suit investigation in this case in its Opposition to 1964's Motion for Rule 11 Sanctions. Dkt. 72. JH Audio refers the Court to that brief for a complete response, but, as summarized above, JH Audio did in fact perform a complete analysis of infringement of its patent by 1964's products, which included Mr. Harvey reviewing detailed photographs, technical descriptions and other information about the accused devices and performing a hands-on inspection of two of the accused

---

[3] 1964 also generically states in its motion, "Defendants served discovery responses and documents in October 2016 further demonstrating the lack of infringement," Mot., 10, but there are no exhibits or specifics provided or references to any filed documents.

products in order to compare the patent's claims to the accused devices.

1964 makes completely conclusory assertions that JH Audio failed to perform an adequate pre-suit investigation in the 2016 case. It is hard to respond to empty accusations, but the Court can review the detailed evidence and analysis provided in the 2016 case's Complaint as proof that it performed an adequate pre-suit investigation there as well.

In short, 1964 has failed to show JH Audio did not perform a reasonable pre-suit investigation in either case. JH Audio in fact did perform such an investigation before filing suit.

*Extension to Respond to Motion to Dismiss*

1964 complains that JH Audio requested an extension of time to respond to its motion to dismiss and then mooted the motion by filing an amended complaint. Mot., 3-4. Responding to a motion to dismiss by filing an amended complaint is permitted by the rules and common. It does not support finding that this case exceptional. 1964 cites no case supporting such.

*Seeking Jurisdictional Discovery*

1964 complains that JH Audio filed a motion for discovery in order to respond to 1964's motion to dismiss for lack of personal jurisdiction, but such is not an exceptional thing to do, as plaintiffs routinely seek such discovery in responding to such motions. Here, the Court denied the motion and JH Audio did not pursue such discovery further, which was reasonable. 1964 again cites no case where seeking jurisdictional discovery to respond to a defendant's motion to dismiss for lack of personal jurisdiction supports finding a case exceptional.

*The Preliminary Injunction and TRO Motions*

1964 complains that JH Audio did not give it advanced notice of an intention to file for a Preliminary Injunction ("PI") or Temporary Restraining Order ("TRO"). However, no rule requires advanced notice of a motion for a PI or TRO be given. As 1964 notes in its motions, JH Audio

withdrew the PI motion after the IPR was instituted by the Patent Office. Mot., 10. Filing for a preliminary injunction and then withdrawing it after the Patent Office institutes an IPR of the underlying patent is sensible and reasonable, not exceptional.

Regarding the TRO, the Court noted how, "Plaintiffs also contend that the immediacy of the harm to Plaintiffs changed the week of March 26, 2015, when 1964 began shipping new infringing IEMs to customers." Dkt. 49, 3 (citing Dkt 37-1, 3). JH Audio had not sought a TRO previously because it had filed its PI motion and was hopeful the Court would address it before harm was caused to its business by 1964's shipping of infringing products. JH Audio only filed the TRO when time became of the essence due to 1964's imminent shipping of infringing products. This delay in filing for a TRO until it was absolutely necessary was not exceptional, but in fact reasonable, and done so as to minimize the burden placed on the Court.

1964 makes a curious accusation about the timing of the TRO coinciding with the deadline for JH Audio to reply to 1964's Motion to Dismiss. Mot., 4 ("The timing of the TRO motion suggested Plaintiffs and their counsel used the extension of time on the motion to dismiss to prepare and file the TRO"). But JH Audio had responded to the Motion to Dismiss more than three weeks before filing the TRO and, in fact, 1964 had already filed a second motion to dismiss before JH Audio filed its TRO motion. Thus, JH Audio is not sure how filing the TRO three weeks after it responded to the motion to dismiss renders this case exceptional.

Notably, the Court did not deny JH Audio's TRO based on a finding of lack of merit in its case, but rather because, "[t]his Court cannot enjoin 1964 until it is satisfied that the exercise of personal jurisdiction over 1964 is permitted." Dkt. 49, 3. While it is true that the Court noted JH Audio did not "demonstrate the type of immediate harm sufficient to invoke the drastic remedy of issuing a temporary restraining order," *Id*. at 4, that was not the basis for the denial of the TRO,

which was the Court's uncertainty that it had personal jurisdiction over 1964.

There is nothing about the PI or TRO motions that renders this case exceptional. JH Audio did not seek either a TRO or a PI in the 2016 case.

*Discovery Regarding Preliminary Injunction*

1964 complains about JH Audio's response to an expedited discovery request. Mot., 9. But 1964 concedes JH Audio provided a response, rather than merely object or aggressively claim privilege. 1964 makes no argument that JH Audio withheld or destroyed evidence. Thus, there was nothing exceptional about JH Audio's production, even if it was small.

*JH Audio's Cross-Motion for Rule 11 Sanctions*

1964 criticizes JH Audio for filing a cross-motion for fees responding to 1964's Motion for Rule 11 Sanctions. Mot., 6. While, "[o]rdinarily, [awarding a party its attorney's fees in responding to a Rule 11 motion] does not require a cross-motion for sanctions," *Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014), the word "ordinarily" implies there may be circumstances where a party is denied its fees in responding to a Rule 11 motion absent the filing of a cross-motion. JH Audio thus took the conservative route in filing a very short cross-motion of only three pages to preserve its right to fees in responding to 1964's Rule 11 motion. Dkt. 74. Even 1964 in its motion for fees concedes that cross-motions for Rule 11 sanctions "should rarely be needed," Mot., 21, meaning sometimes they are.

Further, JH Audio's cross-motion points out two important facts: (i) 1964 filed its Rule 11 motion after being told that JH Audio had physically performed a hands-on inspection of accused devices before filing the suit; and, (ii) 1964's CEO, Mr. Belonozhko, submitted conflicting testimony to the Court. *Id.* These two facts provided more support for the Court to award JH Audio its fees in responding to 1964's Motion for Rule 11 Sanctions beyond simply the motion's denial,

and thus it was reasonable to present them in a cross-motion. Thus, filing the very short cross-motion was not exceptional.

*Filing of the 2016 Case*

1964 argues this case is exceptional because JH Audio filed the 2016 case, but JH Audio is entitled to a presumption of good faith in its filing suit, *Checkpoint Sys.*, 858 F.3d at 1376, and 1964 cites no fact or precedent that supports finding the filing of a second patent infringement suit against a continued-infringer exceptional.

*The Real Parties In Interest (RPI) Issues*

The IPR statutes require requesters to identify all real parties in interest (RPI) with their filings. 35 U.S.C. § 312(a)(2). JH Audio questioned whether 1964 complied with the statute before the Patent Office and the Court of Appeals. In neither forum did 1964 ever suggest the issue was frivolous or brought in bad faith. 1964 never sought sanctions for JH Audio raising the issue and neither the Patent Office nor the Court of Appeals in any way indicated that JH Audio's raising of the RPI issue was improper. Indeed, as 1964 concedes in its motion for fees, when JH Audio asked the Patent Office for permission to file a motion to seek discovery on the RPI issue, the Patent Office granted JH Audio the right to do so (such motions are not allowed as a matter of right, one must request leave to file such a motion). Mot., 8. While it is true that the Patent Office ultimately denied the motion for discovery, it did not do so because it thought the RPI issue was frivolous.

During the appeal of the Patent Office's decision in the first IPR, JH Audio raised the RPI issue because it is jurisdictional (and thus cannot be waived). *Social Sec. Bd. v. Nierotko*, 327 U.S. 358, 369 (1946). The Federal Circuit panel asked JH Audio's counsel questions relating to the RPI issue during oral argument, to which JH Audio responded. JH Audio also provided the court with a Notice of Supplemental Authority as permitted under the rules. Dkt. 148-28. While JH Audio did

not win on the RPI issue, nothing about appealing it was exceptional.

### The Unavailability of JH Audio's Witness

1964 correctly points out that JH Audio submitted a declaration by Mr. Harvey to the Patent Office in the first IPR and then was unable to make him available for deposition. Mot., 10. As a result, the declaration was withdrawn from the record, resulting in substantial prejudice to JH Audio's case, as the testimony could no longer be relied on by JH Audio in defending its patent. 1964 does not explain why this justifies rendering the case exceptional.

### The Cancelled Deposition

In the three IPRs relating to the patents in the 2016 suit, JH Audio had to cancel one deposition of 1964's expert witness. JH Audio gave 1964 roughly a week's notice of the cancellation and did not seek to reschedule the witness' deposition or to strike the expert's testimony from the record. JH Audio's cancelling of one expert deposition, which resulted in prejudice to its own case in defending its patents, does not justify finding this case exceptional.

### The Oral Arguments

1964 complains about JH Audio's counsel's conduct at two oral arguments, one before the Patent Office in the three IPRs relating to the 2016 case, and one before the Court of Appeals relating to the first IPR. With respect to the Patent Office oral argument, 1964 was the first party to present evidence, and it had requested oral argument, so the proceeding was to occur regardless of whether or what JH Audio argued. Further, JH Audio did not simply rest on its briefs, rather JH Audio's counsel told the Patent Office judges, "[W]e're content with our briefs and we'll rest on those. Just a few issues which I think the Board has already highlighted today to discuss." Dkt. 148-19, 4. Thus, instead of wasting the judges' time by repeating what was in the briefs, counsel responded to the questions the judges raised with 1964's counsel. This is not exceptional.

Similarly, in the oral argument at the Court of Appeals, counsel for JH Audio did not simply rest on its briefs. Rather, counsel informed the Court that it was content to rest on its briefs, but wanted to address one issue and answer questions from the panel. Indeed, had JH Audio's counsel simply rested on its briefs on appeal, there would have been nothing for 1964's counsel to respond to when she took the podium, and there would have been no rebuttal possible by JH Audio's counsel. That's not what happened. The oral argument proceeded normally with the judges asking counsel for both parties a number of questions. 1964 complains that one of its counsel travelled to Washington, D.C., for the Court of Appeals argument, but so too did two of JH Audio's counsel. Thus, JH Audio incurred roughly twice the travel expense for the oral argument than 1964.

*The Purported Statement of Counsel[4]*

1964 accuses Plaintiffs' counsel of stating at the technology tutorial held in the 2016 case, "something to the effect that Mr. Belonozhko 'needs to learn a lesson.'" Mot., 10. It is telling that 1964's counsel cannot recall exactly what was supposedly said, as it must not have been that exceptional at the time, else counsel would have made some attempt at preserving the record.

### b)      Circumstances Justifying Fees In Other Cases Are Not Present

Absent from this case are any circumstances that have justified awarding fees in other cases.

First, absent here are any "allegations that [JH Audio] destroyed relevant documents, presented false documents, mislead the Court or the PTO, misrepresented the claims, or introduced any evidence in this case to merely prolong the case and force a settlement," which the Court has said render a case exceptional. *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 2:15-cv-173-FtM-38MRM, 2016 U.S. Dist. LEXIS 185081, at *22-23 (M.D. Fla. Dec. 22, 2016).

Second, in *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1350 (Fed. Cir. 2015), the Federal

---

[4] JH Audio wishes to reserve the right to provide the Court with evidence of 1964's counsel's conduct that it does not believe is appropriate to make part of the public record in this filing.

Circuit held that, "a pattern of litigation abuses characterized by the repeated filing of patent infringement actions for the sole purpose of forcing settlements, with no intention of testing the merits of one's claims, is relevant to a district court's exceptional case determination under § 285." Here, there is no such pattern. Quite the opposite. JH Audio has only ever filed patent infringement claims against 1964 and did not do so to force a settlement with no intention of testing the merits of its claims. Thus, *SFA* supports finding this case is not exceptional.

Third, in *AdjustaCam, LLC v. Newegg, Inc.*, the Federal Circuit reversed a district court's denial of fees because the patent holder's infringement case was rendered baseless by the court's *Markman* order and because the patentee repeated use of after-the-fact declarations. 861 F.3d 1353, 1360-61 (Fed. Cir. 2017). Here, neither case reached the point of the Court issuing a *Markman* order, nor is there is any allegation that JH Audio submitted after-the-fact declarations.

1964 cites *Deep Sky Software, Inc. v. Sw. Airlines Co.,* in its motion, but there fees were awarded because the patent holder engaged in inequitable conduct by failing to disclose material prior art to the Patent Office, which is a classic basis for holding a case exceptional. 2015 U.S. Dist. LEXIS 180625, at *8-9 (S.D. Cal. June 1, 2015). Here, there is no allegation that JH Audio engaged in inequitable conduct, and thus *Deep Sky* does not support finding this case exceptional.

Further, the court in *Deep Sky* held that a dispute about infringement did not render the case exceptional. "Because this case was stayed while still in its early stages, there was no claim construction, motion practice or trial as to infringement. While Southwest may ultimately have prevailed on its noninfringement argument, there is insufficient record to determine that Deep Sky's infringement claim was exceptionally meritless." *Id*. at *12. Similarly here, the cases were stayed in their early stages, and there was no claim construction, motion practice or trial as to infringement. Thus, *Deep Sky*, strongly supports finding this case not exceptional.

**B.      A Fee Award Under 28 U.S.C. § 1927 Is Not Appropriate**

To be entitled to fees under § 1927, 1964 must prove that JH Audio's counsel's conduct was "so egregious that it 'is tantamount to bad faith.'" *Peer v. Lewis*, 606 F.3d 1306, 1314 (11th Cir. 2010) (*quoting Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007)). "Bad faith is an objective standard that is satisfied when an attorney knowingly or recklessly pursues a frivolous claim." *Id*. 1964 has not shown any bad faith by JH Audio's counsel.

**i.      There Was No Unreasonable and Vexatious Conduct**

1964 alleges that the same circumstances that render this case exceptional under 35 U.S.C. § 285 also manifest unreasonable and vexatious conduct under 28 U.S.C. § 1927. Mot., 23. JH Audio refers to its discussion above, which shows that JH Audio's counsel's conduct here was not "so egregious that it 'is tantamount to bad faith," nor did JH Audio's counsel ever "knowingly or recklessly pursue[] a frivolous claim." *Peer*, 606 F.3d 1314.

**ii.      JH Audio Did Not Multiply the Proceedings**

Much of the time and effort spent by the parties relating to the asserted patents was in the four IPRs, all of which were filed by 1964, not JH Audio. JH Audio had no control over whether or when 1964 filed the IPRs, as those are entirely 1964's decisions to make. Here, 1964 chose to file the IPRs at the very last minute. Had 1964 filed them sooner, this case and the 2016 case would have been stayed sooner, saving the intervening effort spent on the cases by the Court. Thus, if anyone multiplied the proceedings, it was 1964, not JH Audio.

**C.      A Fee Award Under The Court's Inherent Power Is Not Appropriate**

"A district court may impose sanctions pursuant to its inherent authority … if the plaintiff acted in bad faith by pursuing a claim that was plainly barred by existing precedent and there was no reasonable chance of success in changing the law." *Silva v. Pro Transp., Inc.*, 898 F.3d 1335,

1340 (11th Cir. 2018). "A finding of bad faith is warranted when 'an attorney knowingly or recklessly raises a frivolous argument.'" *Id*. (*quoting Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998). As discussed above, 1964 has not shown that JH Audio or its counsel acted in bad faith here, and thus an award of fees under the Court's inherent power is unjustified.

### D.     IPR Fees Are Not Recoverable

1964 may not recover fees for the IPRs because "cases" in §§ 285 and 1927 means proceedings in court, not administrative agencies. *PPG* involved a Patent Office proceeding initiated by the patent holder. Here the IPRs were initiated by 1964. "[N]either the plain language of § 285 nor its legislative history support the recovery of fees for work before the PTO." *Fee Shifting for PTAB Proceedings*, 24 Tex. Intel. Prop. L.J. 367 (2016).

### E.     1964 Did Not Comply With Local Rule 3.01(G)

1964 did not seek to confer with JH Audio regarding this motion until the morning it was filed. Dkt. 140-30 (emails between counsel). JH Audio's counsel informed 1964's counsel that he was unavailable to confer that day and pointed out how 1964 had told the Court the prior week that it intended to file the motion and yet had not sought to confer with JH Audio until the day of filing. The email from JH Audio's counsel identified two issues relating to the motion, but was not a full conferral. 1964 never attempted to schedule a conferral.

## II.     CONCLUSION

JH Audio respectfully requests that the Court deny 1964 Ear's Motion for Fees and Costs.

Dated: June 3, 2019

Respectfully submitted,

 s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 3, 2019, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all

counsel of record.

 s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*