UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERRY HARVEY AUDIO HOLDING, LLC,
and JERRY HARVEY AUDIO, LLC,

          **Plaintiffs,**      Case No. 6:14-cv-02083-CEM-DCI

v.

1964 EARS, LLC, and EASTERWOOD &
ASSOCIATES, LLC, d/b/a EARS 2 HEAR,

          **Defendants.**

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY IN SUPPORT OF MOTION FOR FEES AND COSTS**

Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC (collectively "JH Audio") hereby respond in opposition to Defendant 1964 Ears, LLC's ("1964") Motion for Leave to File a Reply In Support of Defendant's Motion for Fees and Costs (Dkt. 151).

**MEMORANDUM OF LAW**

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-cv-537-FtM-29SPC, 2011 U.S. Dist. LEXIS 75346, at *5 (M.D. Fla. July 13, 2011). "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. U.S.*, No. 3:13-cv-168-J-37MCR, 2013 U.S. Dist. LEXIS 105666, at *1-2 n.3 (M.D. Fla. July 29, 2013). The proposed reply must also "benefit the Court's resolution of the pending motion." *Schumann v. Collier Anesthesia, P.A.*, No. 2:12-cv-347-FtM-29CM, 2014 U.S. Dist. LEXIS 39222, at *10 n.3 (M.D. Fla. Mar. 25, 2014). The Court should deny 1964's motion because: (i) JH Audio's opposition did not contain any new facts or law; (ii) no good cause exists; and (iii) a reply will not benefit the Court's resolution of the pending motion.

*There Are No New Facts or Law in JH Audio's Opposition*

JH Audio submitted no exhibits or declarations with its opposition. Nor did it cite or rely on any new case decided after 1964 filed its motion. 1964 was thus aware of all cited facts and either was, or could have been, aware of all cited law when it filed its motion. That 1964 chose not to address certain facts or law in its motion doesn't make them "new."

In *Tardiff*, the only case cited by 1964 in support of its motion for leave to file a reply, the Court denied leave to a movant who merely sought "to cite the appropriate portions of the record which undisputedly rebut the putative factual disputes set forth by the Defendant in its response to the Plaintiff's Motion for Summary Judgment." 2011 U.S. Dist. LEXIS 75346, at *5. The *Tardiff* movant also acknowledged there was "merely a dispute as to what those facts mean in this case." *Id*. After noting that, "[i]n essence he wants to argue his position on the facts presented by the Defendant," the Court concluded, "the Plaintiff's Motion fails to rise to the level required by the Local Rules to file a reply brief and the Motion is due to be denied."

Here, like the movant in *Tardiff*, 1964 merely wants to cite evidence it believes rebuts JH Audio's arguments and then dispute what those facts mean. For example, 1964 wants to dispute what happened at the 2012 trade show, as well as Mr. Harvey's hands-on inspection of the infringing devices. Mot. at 2. These are facts 1964 was aware of before it filed its motion (JH Audio relied entirely on the existing record in its opposition) and 1964 could have addressed them in its motion if it wanted. As in *Tardiff*, 1964 now just "wants to argue his position on the facts presented by [JH Audio]," which "fails to rise to the level required by the Local Rules."

Similarly, in *Gian Biologics, LLC v. Cellmedix Holdings, LLC*, the Court denied leave to a movant who "argues that a reply is necessary because Defendants (1) misrepresent documents filed, (2) mischaracterize facts, (3) raise new issues, (4) rely on inapposite case law, and (5)

incorrectly interpret the Federal Rules of Civil Procedure." No. 2:15-cv-645-FtM-99CM, 2016 U.S. Dist. LEXIS 193706, at *4 (M.D. Fla. Oct. 5, 2016). The Court in *Gian Biologics* concluded that "[a]ll of Plaintiff's reasons pertain not to new facts or law, but to the existing facts that Defendants have misrepresented or mischaracterized in Plaintiff's viewpoint." *Id*.

Here, 1964 seeks to do what the movant in *Gian Biologics* sought to do, *i.e.* dispute JH Audio's characterization of facts and arguments of law. Nothing 1964 seeks to rebut pertains to new facts or law, as all of the facts cited by JH Audio in its opposition were already of record and all the cases JH Audio cited in its opposition were issued by the Federal Circuit well before 1964 filed its motion for fees. As in *Gian Biologics*, because there are no new facts or law to address, a reply is unjustified, rather "the Court can decide factual and legal disputes and apply appropriate interpretations of law." *Id*.

*There Is No Good Cause*

1964 does not even argue "good cause" in its motion for leave and, indeed, there is none.

First, 1964 already has a significant page advantage on the motion, as it was entitled to 25 pages, while JH Audio was limited to only 20 pages in opposition. 1964 now seeks an additional 12 pages, giving it a total of 37 pages on the motion, whereas JH Audio would still have only 20. There is no good cause for 1964 to have nearly twice as many pages to brief its motion as JH Audio had to brief its opposition.

Second, there is also no good cause to permit 1964 to introduce new evidence, which is what 1964 admits it intends to do with its reply when it says "[d]efendants may need to submit additional exhibits." Mot. at 3. As the Court noted in *Goers v. L.A. Entm't Grp., Inc.*, "The Eleventh Circuit has 'repeatedly . . . admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.'" No. 2:15-cv-412-FtM-99CM, 2016 U.S. Dist. LEXIS 114092,

at *12-13 (M.D. Fla. July 8, 2016) (quoting *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005). "This is especially true when the new arguments or evidence were available to the movant when the underlying motion was filed, and the movant should have been aware of the necessity of the arguments or evidence." *Id*. (*citing Lage v. Ocwen Loan Servicing LLC*, 145 F.Supp.3d 1172, 2015 WL 7294854, at *6 (S.D. Fla. 2015)). Everything 1964 wants to argue or introduce with its reply here was available to it when it filed its motion for fees and 1964 "should have been aware of the necessity of the arguments or evidence." *Id*. 1964's choice to not address the facts and law discussed in JH Audio's opposition does not provide good cause to grant a reply.

*The Proposed Reply Will Not Benefit The Court*

1964 seeks leave to file a reply to address "the exceptionality of this case and Defendant's status as a prevailing party." Mot. at 3. Those issues are only relevant to an award of fees under 35 U.S.C. § 285. Thus, while 1964's motion seeks fees also under 28 U.S.C. § 1927 and the Court's inherent authority, 1964 does not seek leave to file a reply addressing those bases.

The proposed reply will not benefit the Court's resolution of whether fees are appropriate under § 285 because 1964 does not dispute that this case was dismissed by JH Audio under Rule 41(a)(1)(A)(i), and cannot dispute the Federal Circuit's holding, in *RFR Indus. v. Century Steps, Inc.*, that, "a plaintiff's voluntary dismissal without prejudice pursuant to Rule 41(a)(1)(i) does not bestow 'prevailing party' status upon the defendant." 477 F.3d 1348, 1353 (Fed. Cir. 2007). Thus, nothing in 1964's proposed reply can affect the conclusion that 1964 is not a prevailing party under *RFR* and thus is not entitled to fees under § 285.

In addition, 1964 does not seek to dispute the fact that as of May 6, when this case was dismissed by JH Audio, the asserted patent was still in force, 35 U.S.C. § 318(b), and that there was no loss of any entitlement to seek damages as a result of the Patent Act's six year statute of

limitations. This is an independent basis for precluding a finding that 1964 is a "prevailing party."

Nothing 1964 intends to say in its reply overcomes these prohibitions on obtaining fees under § 285 due to its not being a "prevailing party." Thus, the reply will not benefit the Court in its resolution of the motion. *Schumann*, 2014 U.S. Dist. LEXIS 39222, at *10 n.3. Instead, it appears as though 1964 merely wishes to continue marching out a "parade of horribles" in the hope of being awarded its fees, something the Federal Circuit has expressly said should not be done. *Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1180 (Fed. Cir. 2018) (a "party cannot simply hide under a rock, quietly documenting all the ways it's been wronged, so that it can march out its 'parade of horribles' after all is said and done").

*Conclusion*

JH Audio respectfully requests that the Court deny 1964 Ear's Motion Leave, as well as its Motion for Fees and Costs.

Dated: June 10, 2019                 Respectfully submitted,

    s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

   s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*