UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JERRY HARVEY AUDIO HOLDING, LLC,
and JERRY HARVEY AUDIO, LLC,

                              Plaintiffs,          Case No. 6:14-cv-02083-CEM-DCI

v.

1964 EARS, LLC, and EASTERWOOD &
ASSOCIATES, LLC, d/b/a EARS 2 HEAR,

                              Defendants.

## PLAINTIFFS' NOTICE OF SUPPLMENTAL AUTHORITY IN OPPOSITION TO DEFENDANT'S MOTION FOR FEES AND COSTS

Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC (collectively "JH Audio"), hereby notify the Court of supplemental authority in opposition to Defendant 1964 Ears, LLC's ("1964") Motion for Fees and Costs (Dkt. 151), namely, today's precedential decision by the Court of Appeals for the Federal Circuit in *B.E. Technology, L.L.C. v. Facebook, Inc*, No. 18-2356, regarding the definition of "prevailing party" under the Patent Act. A copy of the decision is attached.

    In *B.E. Tech*, the Federal Circuit discussed Supreme Court precedent on the issue:

    In *Buckhannon*, the issue concerned whether a party has prevailed when it "failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." 532 U.S. at 600. Several circuits had recognized a "catalyst" theory, where a party could prevail without judicially sanctioned change in the legal relationship of the parties, provided that the litigation brought about the desired result through a voluntary change in the defendant's conduct. *Id*. at 601–02. In rejecting this theory, the Court established that <u>some manner of judicial relief is required for a party to prevail</u>. Id. at 605. <u>A defendant's voluntary change in conduct, even if it "accomplish[es] what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change."</u> *Id*.

*Id*. at 4-5 (*citing Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*,

- 1 -

532 U.S. 598 (2001)) (emphasis added). The Federal Circuit continued in *B.E. Tech* to hold that, "[a] decision with judicial imprimatur is required to give rise to prevailing party status." *Id*. at 5.

In *B.E. Tech*, the plaintiff's patent was invalidated through *inter partes* review petitioned by the defendants after the district court case was filed. After the Federal Circuit affirmed the Patent Office's finding of the asserted patent invalid, the defendants moved to have the district court case dismissed. The district court granted the motion to dismiss, finding the case moot. The Federal Circuit held defendants were prevailing parties because, "Facebook obtained the outcome it sought via the mootness dismissal." *Id*. at 7. Because, "the district court dismissed the claims it had before it, [i]t thereby placed a judicial imprimatur upon B.E.'s claim for patent infringement." *Id*. at 5, 7-8. The Federal Circuit did not hold in *B.E. Tech* that the Patent Office's finding, on *inter-partes* review, sufficed to provide the "judicial imprimatur" that *Buckhannan* requires for "prevailing party" status.

Dated: October 9, 2019

Respectfully submitted,

 s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 9, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

  s/*Daniel B. Ravicher*
Daniel B. Ravicher
Florida Bar No. 102809
RAVICHER LAW FIRM
2000 Ponce De Leon Blvd., Ste 600
Coral Gables, FL 33134-4422
Telephone: (786) 505-1205
E-Mail: dan@ravicher.com

*Counsel for Plaintiffs Jerry Harvey Audio Holding, LLC, and Jerry Harvey Audio, LLC*